ROBERT THOMAS and Wife *vs.* SOPHUS N. MILLER.

## November 8, 1888.

**Note for Services in Procuring Loan—Validity.—**A promissory note given for a sum agreed to be paid to the payee, in consideration for his services in securing a loan for the maker from a third party, and not shown or found to be unreasonable in amount, or a cover for usury, is presumptively valid.

Appeal by plaintiffs from a judgment of the district court for Douglas county, where the action was tried by *Collins,* J.

*H. Jenkins,* for appellants.

*Bruckart & Reynolds,* for respondent.

VANDERBURGH, J.[1] The plaintiffs seek the cancellation of the mortgage given by them to defendant, and set forth in the pleadings, on the ground that the same is usurious and void. The findings of the trial court do not support this charge. But the court finds that the defendant was employed by the plaintiff Robert Thomas to negotiate and secure for him a loan for $500, for five years, and that the money was thereupon procured by him for plaintiff of one Grey, who was a non-resident, and the full amount was received by plaintiff, who executed to Grey a mortgage for the same, at 8 per cent., running five years, and at the same time agreed to pay defendant the sum of $50 for his services and commissions, for which he executed the mortgage for that amount, in question here. The evidence which supports these findings tended to prove that defendant was engaged in the business of negotiating loans, and was applied to by plaintiff for such purpose, and that defendant notified him in advance of the terms upon which loans were procured, and what his charges and commissions were. Plaintiff thereupon signed an application for the loan, which the defendant forwarded to Grey, and thereafter, in about a month, secured the money. The two mortgages were accordingly executed, the one as security for the loan,

---

[1] Collins, J., who tried the case in the district court, took no part in the determination of it here.

and the other to defendant for his commissions and services in obtaining it, which was an independent transaction between these parties, in which Grey had no interest. It might reasonably be expected that the defendant, who was engaged in the business of negotiating loans, would charge reasonable fees and commissions for the responsibility assumed by him in recommending, and for his services in procuring, loans; and there is no proof or finding that the amount agreed on in this case was exorbitant, or a cover for usury.

Judgment affirmed.