MINNIE I. STEVENS v. SAMUEL C. STAPLES.[1]

January 28, 1896.

Nos. 9721—(276).

**Usury—Device.**

> *Held*, the question of whether or not the agreement by the borrower to pay the lender a certain sum, to indemnify him for his loss in discounting securities to obtain the money lent, is a mere device to evade the usury laws, cannot be determined on the demurrer to the answer herein, but must be determined on the trial, where the intent and motives of the parties can be inquired into and ascertained.

Appeal by plaintiff from an order of the district court for Ramsey county, Egan, J., overruling a demurrer to the answer. Affirmed.

*B. H. Schriber*, for appellant.

*J. M. Hawthorne*, for respondent.

CANTY, J. This is an appeal from an order overruling a demurrer to the answer.

The complaint alleges that, at the times therein mentioned, plaintiff was, and still is, the owner of a certain tract of land situated in Ramsey county; that on November 25, 1889, she made a warranty deed of the tract to defendant to secure the repayment of a loan of $3,300 then made by defendant to her for three years, and for which she agreed to pay interest at the rate of 8 per cent. per annum, and $300 bonus, besides; that at the same time defendant made to her the written agreement set out in the complaint, by the terms of which he agreed to reconvey the land to her on being paid said sum of $3,300 on or before three years, with said bonus, and also said interest of 8 per cent. per annum, to be paid one-half semiannually, the balance when the principal is paid. The prayer is that the loan be declared usurious and void, and that defendant be adjudged to reconvey the land to plaintiff.

The answer admits all of the foregoing facts, except that it denies that all of the $300 so agreed to be paid was in fact a bonus agreed to be paid for the use of the money borrowed. But it is

[1] Reported in 65 N. W. 959.

alleged that plaintiff applied to defendant for a loan of $3,500 to redeem said land from the foreclosure of a prior mortgage; "that this defendant represented to said Edwin Stevens [plaintiff's husband and agent] that he had no money, and that if he made said loan of $3,500 he would have to borrow the whole of the same, or assign or take up some mortgages at a discount, so as to obtain said money, and that in doing so he would lose over $100; that said Stevens voluntarily offered to give this defendant 8 per cent. interest, and a bonus of $300, to be paid when the principal sum should become due, so as to compensate said Staples fully for any loss he might sustain, and any trouble he might incur in making said loan to said Stevens;  *  *  *  that said Staples then agreed to accept the same, and made said loan of $3,300 to plaintiff, and in so doing lost $110, which he had to pay to discount certain mortgages in order to get said money for the plaintiff."

The question for us to consider is whether or not these allegations of the answer present a good defense to the claim that the loan is usurious. We construe it to amount to an allegation that $110 of this $300 so agreed to be paid was to indemnify defendant for his loss in having to sacrifice his securities to that extent, in order to get the money for plaintiff, and that this was the consideration for the promise to pay this $110. If this $110 is so applied, and only the other $190 of the $300 bonus is applied as interest on the loan, it, with the stipulated interest of 8 per cent. per annum, brings the rate of interest up to slightly less than 10 per cent. per annum, which is the highest rate allowed by law, while, if the whole $300 is applied as interest, it amounts to more than 11 per cent. per annum, and is therefore usurious. If the agreement between plaintiff and defendant that plaintiff should indemnify defendant for his loss, in having to sacrifice his securities to get the money to loan to plaintiff, was not merely a device to evade the usury laws, then the loan is not usurious. But whether or not it is such a device cannot be determined as a question of law on this demurrer. It is a question of fact, to be determined on a trial, where the court can go behind the returns, and inquire into and ascertain the intent and motives of the parties. This disposes of the case.

Order affirmed.