RUSSELL v. WRIGHT et al.

By express provision of Rev. Code Civ. Proc. § 656, an action for foreclosure of a mortgage judgment may be for the amount of the mortgage debt due at rendition of judgment.

.    By the terms of two notes of $100 each, and the mortgage securing them—given as commission for procuring a loan of $1,000 each of the $100 notes being payable in five annual installments, the first installment of one of them being payable one year after the time for payment of the last installment of the other, which said notes were not to bear interest if the installments were paid when due, and which second note was to be void if the note for the $1,000 loan was paid within five years, and no default was made in payment of the interest on the $1,000 note, or in the payment of the other $100 note—all the in-

stallments on the two $100 notes were not only to become due, but were to bear 12 per cent. interest from such time, on any default in payment of an installment thereof or of interest on the $1,000 note. **Held,** that the default provision did not constitute a "penalty," within Rev. Civ. Code, § 1273, declaring void penalties imposed by contract for any nonperformance thereof.

For procuring a loan of $1,000, secured by note and mortgage, two notes of $100 each, also secured by mortgage, were given as a commission. Each of the $100 was payable in five annual installments, the first installment on one being payable one year after the time for paying the last installment on the other. The first $100 note provided it was to be without interest if each installment was paid when due; but if any of them were not paid when due, then all sums agreed by the note to be paid should become due and payable at once, and bear 12 per cent. interest till paid. The second $100 note contained like provisions, and provided that, if the note for the $1,000 of even date, and also secured by mortgage, was paid on or before five years from date, and no default was made in paying the interest thereon, or in paying the first $1,000 note according to its terms, the second $100 note should be void, otherwise in full force and effect. The mortgage securing the two $100 notes provided that the payment before maturity of the mortgage deed securing the $1,000 should not affect the payment in full of the $200 mortgage, and that "the note hereby secured also becomes due at once on * * * a failure to perform any of the agreements in said mortgage deed or this mortgage." **Held,** that a default in payment of interest on the $1,000 note, and an installment of the first $100 note, made due at once, and henceforth bearing interest, all of the installments, not only of the first $100 note, but also of the second $100 note, and that right to recover the same was not affected, as to any part thereof, by redemption, within five years of the date of the $1,000 note, from foreclosure of the mortgage securing it.

Whiting, J., dissenting.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Hutchinson County. Hon. E. G. Smith, Judge.

Action by M. Russell against Anna P. Wright and another. Judgment for plaintiff. Defendants appeal. Affirmed.

*Gamble, Tripp & Holman,* for appellants.

The mortgage is merely an appurtenance to and security for the note. The latter is the evidence of the debt; it is the obligation of the debtor to pay a specified sum of money. The mortgage is given to secure the payment of the note, and is therefore only the mere incident following the debt. Rothchild v. Rio G. W.

Railway Co., 32 N.· Y. Supp. 37; Fletcher v. Daugherty, 13 Neb. 224; New E. M. S. Co. v. Casebier, 3 Kans. App. 741. The terms of the notes respecting the debts, prevail over the mortgage. Krutz v. Robbins, 12 Wash. 7; ·Richardson v. Campbell, 34 Neb. 181; Watts v. Watts, 11 Mo. 547; Hinrichs v. Brady, 20 S. D. 599.

*Davis, Lyon & Gates,* for respondent.

The mortgagee may declare the entire amount due in case of default in payment of interest, taxes or installments of principal. 2 Jones on Mortgages, Sec. 1179-1185. Such a provision in a note is valid· and does not even affect the negotiability. Merrill v. Hurley, 6 S. D. 592, 598; Railroad Co. v. Merchants Bank, 136 U. S. 268; Hollinshed v. Globe Investment Co., 42 L. R. A. 659, 661; Morling v. Bronson, 56 N. W. 205; Thomas v. Miller, 40 N. W. 358.

CORSON, J. This action was instituted to foreclose a commission mortgage. From a judgment of foreclosure, rendered in favor of the plaintiff, the defendants have appealed.

On October 19, 1894, the defendants borrowed of the Union Central Life Insurance Company $1,000 at 7 per cent. per annum, payable annually, and secured the same by a note and real estate mortgage due in 10 years. The loan was negotiated by the plain· tiff, for whose services the defendants executed and delivered to him two notes each for $100, and secured the same by a second mortgage upon the premises upon which the $1,000 loan was obtained. The first of said $100 notes was payable in annual installments of $20 yearly, viz., November 1, 1895, to November 1, 1899, both inclusive. The second $100 note was likewise payable $20 each year, from November 1, 1900, to· November 1, 1903, both inclusive, and the last installment being payable October 19, 1904, the date of the maturity of the principal mortgage.

The defendant made default in the payment of the second installment, due November 1, 1896, upon the first commission mortgage note, and the plaintiff commenced foreclosure proceedings by advertisement to foreclose the commission mortgage. This foreclosure by advertisement was enjoined, and this ·action was commenced in December, 1897. The defendants having· defaulted in the paying of the interest due November 1, 1896, and November 1,

1897 upon the $1,000 mortgage, the Union Central Life Insurance Company foreclosed its said mortgage by advertisement, and there-after, and on June 3, 1899, the defendants redeemed the said premises from the foreclosure sale by paying the sheriff of Hutchinson county the amount due on said foreclosure. The first note in controversy is as follows: "Sioux Falls, South Dakota, October 19, 1894. For value received, I promise to pay M. Russell, or order, at his office in Sioux Falls, South Dakota, the sum of $100 in five installments, payable as follows, to wit: $20 on the 1st day of November, 1895, $20 on the 1st day of November, 1896, $20 on the 1st day of November, 1897, $20 on the 1st day of November, 1898, $20 on the 1st day of November, 1899, without interest if each installment is paid when due; but if any one of said installments shall not be paid when due, then all sums herein agreed to be paid shall become due and payable at once, and bear interest at the rate of 12 per cent. per annum until paid. Anna P. Wright, Alpha H. Wright." The second note is substantially in the same form; payments of installments to commence on the 1st day of November, 1900. In addition to what appears in the first note is the following: "If that certain note of $1,000 given by me to the Union Central Life Insurance Company, of Cincinnati, Ohio, of even date herewith, and secured upon the same premises, is paid on or before five years from the date hereof and no default shall have been made in the payment of the several installments of interest maturing thereon or in the payment of that certain other note of $100 of even date herewith, to said M. Russell, according to its terms and conditions, then this note shall from henceforth be void, otherwise in full force and effect and time is of the essence of this provision."

On the trial it was admitted for the purpose of the same that on October 19, 1894, the $1,000 note as above stated was executed, and that default was made by the defendant in the payment of the interest upon the said note and mortgage due, respectively, November 1, 1896, and November 1, 1897; that by reason of said default said mortgage was foreclosed by advertisement, and said real property was on the 10th day of June, 1898, sold to said mortgagee, for the aggregate sum of $1,243.53, being the amount of

said mortgage and accrued interest thereon and costs of sale; that thereafter on June 3, 1899, said premises were redeemed by defendants from said mortgage sale by the payment of said sum with interest thereon; that at the time and place of making said mortgage the defendants made and delivered to the plaintiffs the two notes and second mortgage as hereinbefore described, and that the mortgagors paid the first installment of $20, specified in the first note, and paid no other portion of either of said notes. The court found the facts substantially as stipulated, with other facts not necessary to be set out in this opinion. From the findings the court concludes, as a matter of law, that the plaintiff was entitled to judgment for the sum of $369.75 principal and interest, $25 attorney's fees, and $55.50 costs, amounting to $450.25, for which judgment was accordingly entered.

It is contended by the appellant that, there being only two installments due when the action was commenced, the judgment ought not to have been for an amount exceeding $40 and interest, but the learned counsel has evidently overlooked section 656, Rev. Code Civ. Proc., which provides as follows: "Whenever an action shall be brought for the foreclosure or satisfaction of a mortgage, the court shall have power to render a judgment against the mortgagor for the amount of the mortgage debt due at the time of the rendition of such judgment. * * *" It appears from the abstract that the judgment in this case was entered September 6, 1905, long subsequent to the maturity of the installments due upon the first commission note, and hence the court properly included in the judgment the full amount of the installments, with the interest thereon as provided in said note, due and unpaid at the time the judgment was entered. It is further contended by the appellant that the default provision constitutes a "penalty" within the meaning of that term, which is defined to be: "A clause in an agreement by which the obligor agrees to pay a certain sum of money if he should fail to fulfill the contract contained in another clause of the same agreement"—and that in the case at bar a default not merely matures the other installments, but it makes them draw interest at 12 per cent. where before they did not bear any interest at all, and that these provisions in the notes are void under our Revised

Civil Code (section 1273), which provides: "Penalties imposed by contract, for any nonperformance thereof, are void." It is further contended that the court erred in allowing plaintiff anything on his second note, as the first installment was not due until November 1, 1900, and the action was commenced in December, 1897; that, while the mortgage contains the following provision: "The note hereby secured, also becomes due at once upon the happening of any one of the conditions specified in the note"—such a stipulation will not be enforced by the court.

It is insisted by the counsel for the plaintiff and respondent, in support of the conclusions and judgment of the trial court, that, as the first commission note contains the clause "but if any one of such installments shall not be paid when due, then the sums herein agreed to be paid shall become due and payable at once and bear interest at the rate of 12 per cent. per annum until paid," the installments all became due and payable as specified in both notes, and that the court, therefore, was clearly right in holding that the whole amount due upon both notes, including the interest, could be foreclosed in this action. We are inclined to take the view that the counsel for respondent are right in their contention. The notes were executed by the defendants upon a good consideration, viz., the procuring of the $1,000 loan for the defendants by the plaintiff. There is nothing illegal or against public policy in the contract entered into by the defendants that, in case the installments should not be paid at maturity, then the whole amount should become due and draw interest at the rate of 12 per cent. per annum. We see nothing in the nature of a penalty in this transaction. Notes are frequently drawn payable at a certain date without interest, but containing a provision that, if not paid at maturity, then thereafter they shall draw interest at a specified rate within the amount limited by the statute, and, in case payments by installments are provided for, that the whole shall become due upon failure to pay any installment.

In the case of Morling v. Brunson, 37 Neb. 608, 56 N. W. 205, the Supreme Court of Nebraska held that, where "a promissory note was made payable in installments, the consideration of which was the procuring of a loan for the maker by the payee,

which contained a provision that, if default should be made in the payment of any installment when due, the whole note should become due at the option of the holder; that the failure to pay any installment rendered the whole note due at the election of the holder; that in the absence of a showing of fraud, want of consideration, or illegality in the contract a court of equity would enforce the contract, as made by the parties; that the holder was under no legal obligation to notify the maker that by reason of the default he had elected to declare the whole note due." And the court in its opinion says: "Courts of equity will sometimes interfere to relieve a party who has been betrayed by the unconscionable or illegal or fraudulent conduct of another, but this case is not such a one. The contract is fair in its terms. There is nothing contrary to equity or good conscience in it. It surely cannot be said to be against conscience that one should be held to the performance of his contract fairly made. The fact that the note in suit was given for commissions for procuring a loan afforded no reason whatever, so far as the evidence in this record shows, for the refusal of the court to enforce it. * * * It follows from the foregoing that the court erred in not rendering the decree for the full amount of the note sued on." In our opinion the judgment of the circuit court was clearly right in holding that the whole amount of the first note became due and payable upon default in the payment of the second installment, and that the interest thereafter should be calculated at the rate of 12 per cent. per annum. And the judgment upon this note seems to be clearly authorized by defendants' answer in which they allege that: "On June, 1899, at Sioux Falls, S. D., defendant tendered and offered to pay plaintiff the remaining four installments of the note secured in the first paragraph of plaintiff's complaint, together with the interest then due upon the same; that the defendants have ever since been, and still are, ready and willing to pay the same."

This brings us to the consideration of the second note. In order to determine the correctness of the ruling of the trial court in including in the judgment the amount due upon that note, it will be necessary to insert a part of the conditions contained in the mortgage, which are as follows: "This mortgage is junior

to a mortgage deed of $1,000 on said land of even date herewith, executed by the first party, to the Union Central Life Insurance Company, the payment of which before maturity shall in no wise affect the payment in full of this mortgage. The note hereby secured also becomes due at once upon the happening of any one of the following conditions: A failure to perform any of the agreements in said mortgage deed or this mortgage." It will be noticed that it is stipulated in the mortgage that the payment of the $1,000 note before maturity should in no wise affect the payment in full of that mortgage. In order, therefore, to relieve the defendants from the payment of the plaintiff's second commission note, it was not necessary that the principal mortgage should be paid within five years, but that no default should be made in the payment of interest thereon, or in the payment of the installments upon the prior commission note.

It is disclosed by the record that at the time this action was commenced defaults had been made, any one of which matured the entire commission notes and mortgage, and entitled the plaintiff to foreclose his entire mortgage, viz., the unpaid installments upon the first commission note and the interest upon the $1,000 note due November 1, 1896, and November 1, 1897. The right, therefore, of the plaintiff to foreclose upon both commission notes had accrued at the commencement of his foreclosure proceedings, to enforce the payment of the two $100 notes, with the stipulated interest thereon, and this right was not defeated or affected by defendants' subsequent redemption of the property from mortgage sale, which was made before the commencement of this action. Under the terms of the notes and mortgage defendants could have relieved themselves from the payment of the second commission note by paying all installments as they matured upon the first note, and the interest promptly as it became due upon the $1,000 note. Had the defendants performed these conditions, the plaintiff would have had no right to recover the amount specified in the second note with the interest thereon. But, instead of complying with the terms of their contract, and thereby acquiring the right to be relieved from the payment of the second note, they failed to comply therewith, and thereby continued valid and binding the second

note. We are unable to discover upon what theory the payments specified and conditions named in the first commission note and in the $1,000 note and mortgages were complied with so as to render null and void the plaintiff's second note, and thus prevent him from enforcing the collection of the same.

The contract, as disclosed by the notes and mortgages entered into by the parties would seem to be this: The plaintiff secured for the defendants a loan of $1,000 for which they executed to the party loaning the same a note and mortgage to secure that sum; that as consideration for obtaining the loan the plaintiff received the two $100 notes, which were to draw interest after due at the rate of 12 per cent. per annum, but with the agreement, on the part of the plaintiff, that in case the defendants paid the installments upon the first commission note promptly when due, and interest upon the $1,000 mortgage promptly when due, then the second commission note was to be null and void, but that upon a default of the defendants in the payment of installment due upon the first commission note, and the interest promptly as it became due on the $1,000 note, then the second promissory note, with the interest stipulated thereon, should continue due and payable in accordance with its terms. The court, therefore, in holding that the plaintiff was entitled to recover the amount due on the second note by reason of the defaults made in the payment of the installments upon the first note, and in the payment of interest promptly when due upon the $1,000 note, did not enforce a forfeiture as against the defendants, but simply enforced the contract as agreed upon by the parties; and the defendants, by their failure to comply with the terms of their contract, have estopped themselves from insisting upon the invalidity of the second note. By reason of the default of the defendants in the payment of the interest on the $1,000 note when due, and their default in paying the installments upon the first $100 note, the entire sum due upon the two notes, with the interest as stipulated, became due and payable, and plaintiff was therefore entitled, at the commencement of this action, to foreclose the mortgage for the whole amount due.

Mr. Jones, in his work on Mortgages (section 1179), says: "It is competent for the parties to so provide that the continuance

of the loan shall depend upon the promptness of the borrower's paying the interest, or the installments of principal." And in section 1185 that learned author says: "The court has no power to relieve a mortgagor from a forfeiture of condition that the whole principal shall become due at the election of the mortgagee upon a failure to pay the interest, or to order a stay of proceedings until a further default. * * * The mortgagor, having negligently permitted the time to pass, and the whole debt thereby to become due, cannot relieve the forfeiture by paying into court the interest or installment on which the forfeiture occurred." Merrill v. Hurley, 6 S. D. 592, 598, 62 N. W. 958; Railroad Co. v. Merchants' Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349; Hollinshead v. John Stuart & Co., 8 N. D. 35; 77 N. W. 89, 42 L. R. A. 659, 661; Morling v. Bronson, supra; Thomas v. Miller, 39 Minn. 339, 40 N. W. 358. The contention of the appellants that the court, in holding that the plaintiff was entitled to interest upon the two notes after due at the rate of 12 per cent. per annum, was enforcing a forfeiture, is not tenable. The legality of such stipulation in notes and mortgages is too well settled to require the citation of authorities. . Counsel for appellants cite many authorities to the effect that a stipulation providing that, on certain defaults in payment of interest, taxes, etc., the interest specified in the note and mortgage should bear a higher rate of interest from the date of note should be regarded as penalty. These decisions are undoubtedly correct, but they are not applicable to the case at bar, as in this case no interest was to be paid until after the installments became due.

It will be observed that a greater sum than that stipulated in the defendants' contract as evidenced by the two notes is not included in the judgment. By the failure of the defendants to comply with the terms of their contract, under and by which they might have avoided the payment of the second note, they lost that right, and they cannot now complain of the judgment which simply enforces the plaintiff's claim as contained in the defendants' contract with him, which was to pay him the sum of $200 as evidenced by the two notes, with 12 per cent. interest after due, unless certain conditions contained in the note should be complied

with. . These conditions not having been complied with, the defendants have no grounds for resisting the payment of the notes, according to their terms. In our view of the case no question of forfeiture is involved in this case, but it is simply a question of the construction to be given the contract entered into between the defendants and the plaintiff.

Our conclusion is that the court committed no error in rendering judgment for the plaintiff for the full amount due on the installments, at the rate of 12 per cent. per annum, as stipulated in the notes.

The judgment of the circuit court and order denying a new trial are affirmed.

WHITING, J. (dissenting). I am unable to agree in the opinion of Judge CORSON. The question, which to my mind is all material in this case, is whether or not the notes and mortgage impose upon the maker thereof a penalty in case of failure to make payment. The respondent has in his brief attempted to meet this question, but I am unable to find any reason or logic in his argument. The authorities cited by respondent I have carefully examined, and from such examination I contend that this question of penalty was in no manner involved in a single authority referred to. In fact the only question that seems to have been under consideration in those cases was the question of the negotiability of the papers involved in the cases. If the notes and mortgage provided for a penalty, it certainly must be conceded that under our statute such penalty could not be enforced.

There seems to be a great diversity of opinion as to whether certain provisions in notes were attempts to impose a penalty. Concerning such provisions, it would be impossible to harmonize the views of courts of last resort. Some courts hold flatly to the rule that no note can provide a greater rate of interest after than before due. · Some courts hold that, where a note provides for the payment of one rate of interest from date of note in case note is paid at maturity, and also contains a clause providing that, if the note is not paid at maturity, a higher rate of interest shall be paid, it provides for a penalty, while other courts hold that such a provision is not a contract for penalty. All the courts seem

to agree that, if there is an express agreement to pay a certain rate of interest before maturity, followed by a condition that, if the debt is not paid at maturity, a certain other rate of interest should be paid after maturity, such a note is in every respect valid. But we believe it will be impossible to find a decision where, under facts similar to those in this case at bar, it would not be held that a penalty was provided for. We take no issue on the proposition that a note may be valid where the note is payable in installments, and provides that upon default in one installment, or upon default in the interest, the whole note shall become due; but yet we think that even this is crowding the line of penalty very close, and do not think that, in addition thereto, there can be a valid provision for interest from the time of such default, where otherwise there would have been no interest.

We will take the case at bar. If the maker wished to escape the penalty imposed, it would be absolutely necessary for him to pay each installment the date it was due, and therefore the provision in the notes that the installment should bear interest after due was of absolutely no effect whatever, except perhaps as relates to the last installment. Again, when these parties contracted, it was contemplated by the persons that the consideration for the first note was worth to the maker $100, payable in five installments. It is also presumed that the consideration for such note was worth the same to payee. It is also presumed from their contract that these parties considered the use of the money to be worth 12 per cent. If this contract had been paid as made, as each installment fell due, one should get and the other give, in all, $200. If, however, the maker allowed the first installment to be in default, even for one day, then the payee could insist, if payments were made thereafter on the dates mentioned in the note, that not only $200 be paid, but also interest thereon at 12 per cent. from the time since the first installment was due. What would be the nature of this additional payment? It is not damages for the use of money, as the parties had agreed that there should be no damage or interest up to a certain date. It is clearly and purely a penalty imposed, and to our mind cannot be held anything but a penalty. To illustrate further, take the first note. If this note

had been allowed to run without payment up to the time the last installment was due, the payee, under the legal provision therein, would have the right to collect $100 principal together with interest on each payment from the time such payments should have been made, and this sum would represent the consideration for note and the amount agreed upon as the value for the use of the money that remained unpaid; but, under the same facts, if respondent's contention is to be upheld, when the last installment falls due, payee can collect the $100 together with interest on $100 from the time the first installment fell due.    Inasmuch as these installments were due one each year, it will readily be seen that, under the two holdings above mentioned, there would be this difference in the amount to be paid November 19, 1904: On the $100 note no difference whatever as to the first installment; on the second installment one year's extra interest; on the third installment two years' extra interest; on the fourth installment three years' extra interest; and on the fifth installment four years' extra interest—amounting in all to $24, absolutely unearned, and purely a penalty imposed upon the maker.

As to the second note a further question arises, namely, whether or not that note was even due at the time suit was brought.    All we have said above would apply as to any right to claim interest on the second note, because any interest claimed thereon would be absolutely a penalty.    But outside of this question of penalty it will be noticed by a careful reading of this note, Exhibit B, that there is absolutely no provision therein that such note shall fall due under any contingency whatever prior to November 1, 1900, and yet this suit was commenced in 1897.    By provisions of this note this note was to be of no effect for any purpose, provided the principal note, together with Exhibit A, were paid according to their terms.    It is claimed by the respondents that, owing to a provision in the mortgage, the note, Exhibit B, became due whenever any default was made in Exhibit A, or in the principal note, and that such mortgage contained a provision that upon such default the whole note, Exhibit B, could be foreclosed together with Exhibit A, I contend that, where there is an express provision in the note as to when it shall fall due,

and another provision in the mortgage contrary thereto, in that case the provision in the note must control, and cite as authority Railway Co. v. Sprague, 103 U. S. 756.

But outside of the above proposition we think that, in so far as there was an attempt to hold the maker responsible on Exhibit B for any defaults prior to November 1, 1899, the same was an attempt to enforce a penalty. It is very evident from the facts in this case that the consideration of Exhibits A and B was the procurement of the loan of $1,000, and that it was contemplated that Exhibit A was the consideration for procuring this loan for the first five years, and Exhibit B for the second five years. Furthermore, if for any reason, either through voluntary payment or enforced payment, this $1,000 was refunded or repaid to the holder of the principal note prior to November 1, 1899, the consideration for Exhibit B wholly failed, and any attempt to compel payment of the same is an attempt to collect a penalty. It is held that any contract whereby a person contracts or agrees to pay a larger sum of money on account or because of inability to pay a lesser sum is in every case a penalty, and surely no stronger illustration could be found than we have in this case above, in attempt to collect excessive interest and attempt to collect anything on Exhibit B, when principal debt had been paid in full prior to November 1, 1899.

If the respondents were right in their contention, it would cause one to shudder at the result that might come from a transaction similar to this, where a loan had been procured for 100 years, with like provision, giving $100 commission note for each 5-year period, and with provisions in the mortgage securing the commission notes such as we find here. In the case at bar, if respondents were right, at the end of the first year respondents could have collected $200, or at end of 10 years could have collected $200, with interest from end of first year at 12 per cent., and in 100-year illustration, for procuring loan of $1,000, the respondent in case of default in the payment of $20 due at the end of first year, even if such default was for only one day, could immediately recover $2,000 for procuring such $1,000 note, or he could allow each installment to run to such date as the note provided for its payment, and could then collect with installment 12 per cent. there-

on from the end of the first year, and in case of the last installment, the then holder of such installment note would collect not the $20, which was the real consideration agreed upon, but the $20, together with interest thereon at 12 per cent. for 99 years, which as to said installment would mean an absolute penalty, somewhere from $125 to $150.   See Krutz v. Robbins, 12 Wash. 7, 40 Pac. 415, 28 L. R. A. 676.

SMITH, J., taking no part in the decision.