# MORRIS ALLROGGEN AND ANOTHER v. A. C. CARTER AND NORTHEAST INVESTMENT COMPANY.[1]

February 4, 1927.

No. 25,756.

**Usury evident as matter of law.**

> Plaintiffs borrowed from defendant $1,500. In their written application to defendant they agreed to pay interest at the rate of ten per cent and also a commission. Defendant conditioned its acceptance of the loan upon getting ten per cent annual interest and a five per cent discount in addition, and out of the proceeds procured for itself $75 or five per cent. Under such circumstances, ten per cent having been at the time being the maximum legal rate of interest, usury appears as a matter of law.

Usury, 39 Cyc. p. 948 n. 86.

Plaintiffs appealed from an order of the district court for Hennepin county, Salmon, J., denying their motion for a new trial. Reversed.

*Elliott, Doll & Coursolle*, for appellants.

*Joseph P. Kolesky* and *D. E. LaBelle*, for respondent.

QUINN, J.

Action to cancel for usury a note and real estate mortgage and to annul the foreclosure of the mortgage. After trial without a jury, plaintiffs appeal from the order denying their motion for a new trial.

Note and mortgage were executed June 15, 1923. Defendant corporation was the mortgagee. On the same day plaintiff Morris Allroggen signed an application to defendant for the loan. It fixed the interest rate at ten per cent, the then legal maximum, and bound plaintiffs to pay in addition a commission of eight per cent and all the expenses. One Davis was acting as broker for plaintiffs. Defendant was represented by Mr. Sullivan, its manager. He closed the loan with Davis, delivering to the latter a draft for $1,500, only

[1] Reported in 212 N. W. 1.

$1,380 of which went to plaintiffs. Out of the remaining $120 Mr. Davis paid defendant $75, retaining for himself $45. In that manner defendant procured from plaintiffs $75 in addition to the maximum legal rate of interest.

There is additional convincing evidence of usury. Mr. Davis testified, somewhat reluctantly, that he "always paid Mr. Sullivan five per cent commission." In this case that commission went to defendant. Mr. Sullivan himself testified candidly that when the mortgage "was approved by the Northeast Investment Company * * * the interest rate was to be ten per cent and that there was to be a five per cent commission, or a discount upon the face of the mortgage," and that the $75 taken back by him out of the $1,500 draft turned over to Davis was for defendant and represented its "five per cent commission on the loan."

Mr. Hoy, president of defendant, testified that when the loan was submitted to defendant's appraisal committee it was understood that the interest was to be ten per cent and that "we were to get a discount of five per cent buying it." The minutes of that meeting refer to the "purchase" of the loan upon the same terms. Notwithstanding these characterizations of the transaction as a purchase, it must be held that defendant made the loan directly to plaintiffs through Mr. Davis, the broker. Application as well as note and mortgage ran directly to defendant. There is no pretense that the obligation thereby evidenced and secured had any antecedent existence in favor of a third party. The papers were accepted and the transaction closed by the delivery of the draft for the proceeds of the loan. In that respect the case differs from Lake Street Sash & Door Co. v. Verin, 169 Minn. 332, 211 N. W. 161.

That the intentional exaction of such a commission from the borrower, where it results in retaining to the lender for the use or forbearance of money more than the maximum legal interest, is usury, is undeniable. It makes little difference whether the arrangement between Davis and defendant, for the payment to the latter of the commission, was a standing agreement or a special one for this case. It was one or the other. Defendant, before this loan was made,

agreed to take it only on condition that it get ten per cent interest annually and the five per cent discount. Therefore it is not a case where the transaction between Davis and plaintiff Morris Allroggen was an independent and innocent one for Allroggen's payment for the services of Davis, within the rule of such cases as Thomas v. Miller, 39 Minn. 339, 40 N. W. 358. There is no such shift or device through and beyond which the courts will not look in order to ascertain the real nature of the transaction. Rantala v. Haish, 132 Minn. 323, 156 N. W. 666, and cases cited. The transaction itself was so unequivocal and shows so clearly a purposeful and successful effort to exact usury that defendant's characterization of its own intention avails nothing. Its design to procure a greater interest than the law allows is plain. It must be conclusively presumed to have intended the inevitable consequences of its acts. Patterson v. Wyman, 142 Minn. 70, 170 N. W. 928, and cases cited.

The order is reversed and the case remanded. It has been tried twice and there is no need of trying it again. The record is complete and on it plaintiffs are entitled as a matter of law to findings and an order for judgment in accord with this opinion.

Reversed.