ADJUSTMENT SERVICE BUREAU, INC. v. ROSE BUELOW AND OTHERS.
ROLF P. HARTIG, APPELLANT.[1]

March 6, 1936.

No. 30,676.

[1]Reported in 265 N. W. 659.

564

*Donald O. Wright,* for appellant.
*Harold C. Bellew* and *Mark J. McCabe,* for respondent.

I. M. OLSEN, JUSTICE.

The defendant Dr. Rolf P. Hartig is a dentist, practicing in Minneapolis. Prior to September 3, 1932, the defendants Rose Buelow and her husband, Vernon M. Buelow, became indebted to defendant Hartig in the sum of $190 for dental work and services. The Buelows had been unable to pay the bill although demands had been made for its payment. They were in financial difficulties and unable to pay. Plaintiff is a corporation engaged in the business of advancing money to needy clients for the purpose of paying pressing bills against such clients, and in doing that it seeks to obtain from creditors compromise settlements and reductions of such claims, either for its own benefit or for the benefit of its clients

or borrowers. On or about September 3, 1932, the parties applied to the plaintiff to obtain money to pay or settle the bill of Dr. Hartig. The plaintiff, as a condition of advancing money for that purpose, required the Buelows to give a note for the full amount of the claim of $190, to be payable in monthly instalments and with interest at eight per cent per annum, and required that this note be signed by Dr. Hartig with the Buelows. One other signature was also obtained. This note was given on that date. Plaintiff paid nothing to Dr. Hartig at that time or to anyone else. It negotiated with Dr. Hartig for a reduction of his claim or a compromise settlement thereof, and finally, on September 29, 1932, plaintiff paid to Dr. Hartig the sum of $150, which he was induced to accept as payment of his claim against the Buelows. While the plaintiff at a prior time had done some business with the Buelows in the matter of settling claims, this transaction was an independent and separate transaction as far as appears. The Buelows failed to pay anything on the note, and the plaintiff brought this action against the defendants to recover the full amount of the note and interest thereon, with costs of collection. The defendant Hartig set up the defense of usury in the transaction. The case was tried before the court without a jury. The court made a finding that "at the time said note was executed and prior thereto there was no agreement between plaintiff and any of the makers of the note that the plaintiff should loan or pay the sum of $150 or any sum less than $190 to any of the defendants." It did not find directly that there was or was not usury. The finding quoted might be construed as a finding that there was no usury. The court ordered judgment for plaintiff for the full amount claimed, with $10 costs for collection. Judgment for the sum of $254.42 was thereafter entered on the findings against Dr. Hartig, after a motion made by him for amended findings or a new trial had been denied.

■ Plaintiff suggests that the assignments of error are not sufficient. The appeal is from the judgment. The fourth assignment of error raises the question that the judgment is not sustained by the evidence. The first assignment is in reference to the conclusions of law, alleging that it was error to conclude that the plain-

tiff is entitled to recover. The fourth assignment of error sufficiently alleges that the judgment is not sustained by the evidence. As noted, there was a motion to amend the findings of fact so as to find in defendant Hartig's favor. On appeal from a judgment the question of the sufficiency of the evidence to sustain the findings and judgment of the court is presented where the sufficiency of the evidence is questioned. Hrdlicka v. Haberman, 140 Minn. 124, 167 N. W. 363; Pittsburgh P. G. Co. v. Brown, 152 Minn. 325, 188 N. W. 569; Cincinnati T. R. Co. v. Loe, 152 Minn. 374, 188 N. W. 1011; LeMieux v. Cosgrove, 155 Minn. 353, 193 N. W. 586; Peterson v. Township of Manchester, 162 Minn. 486, 203 N. W. 432; Potvin v. Potvin, 177 Minn. 53, 224 N. W. 461; Barrett v. Smith, 185 Minn. 596, 242 N. W. 392.

The result of this rather unusual transaction is that Dr. Hartig gave his note for $190, with eight per cent interest, for the purpose of getting payment of his bill for $190 for dental services, and finally received from the plaintiff, the lender, $150. Then he was sued upon the note and was required to pay a total of principal, interest, costs, and costs of collection amounting to $254.42, so that in the final windup he has settled his bill for $150 and, as far as appears, parted with any right to recover thereon. And he is now required to pay over $100 additional for his experience.

■ The theory of the plaintiff is that it rendered services for the Buelows and Dr. Hartig which entitled it to recover the full amount of the note although it had parted with only $150. We are unable to figure out how there was any special service rendered to either of these parties. The plaintiff did not intend to pay the $190 in full, and it did not intend to turn over to the Buelows or Dr. Hartig any part of the $40 discount which it induced Dr. Hartig to make on his bill. It is true that there was an extension of time for the Buelows to pay, provided they kept up their monthly instalments. The note provided that if they defaulted in any payment the full amount of the note might be declared due by the plaintiff. But, where a person loans money to another and gets a note signed by responsible parties, and therein reserves interest at the maximum legal rate, it is difficult to see how any services that the lender

might render for its own benefit for the purpose of getting for itself a reduction of an indebtedness, as in this case, can be of any benefit to any of the signers of the note.

■ Intent to obtain for the loan of money a return or interest for the loan in excess of the legal rate is an important element on the question of usury. If at the time a loan is made the lender intends to retain out of the amount loaned a sum which, when so retained, together with the interest provided in the note, gives for the loan a rate of return greatly in excess of the legal interest rate, and such intention is carried out, the loan is usurious. The intent to do something which results in usurious compensation for the loan of money when carried out, whether or not the lender, at the time of making the loan, considered it as usury, nevertheless results in usury.

■ Where a borrower, in consideration of a loan of $150, gives the lender his note for $190, with interest thereon at the rate of eight per cent per annum, the loan is *prima facie* usurious.

The object of the usury laws is to protect the weak and necessitous from oppression. 6 Dunnell, Minn. Dig. (2 ed.) § 9962. Courts look to the substance and effect of transactions. There is no shift or device on the part of the lender to evade the law under or behind which the law will not look to ascertain the real nature and object of the transaction. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9965, and cases cited in note 36.

■ If, as claimed by the plaintiff, there were any services rendered by it which entitled it to retain something out of this loan and pay out thereon only $150, it would be entitled to retain only the reasonable value of any services so rendered. There is here no evidence of the value of any services claimed to have been rendered by the plaintiff to this defendant, or either of the defendants, and in fact the evidence fairly shows that no services of any value were rendered which would entitle the plaintiff to retain out of the $190 for which the note was given any sum whatever.

Whether service was made on the other defendants, or, if so, whether they appeared or whether any recovery was had against any of them does not appear.

We cannot escape the conclusion that as far as Dr. Hartig is concerned the transaction was usurious and the note invalid on that ground. It follows that the judgment appealed from should be reversed and the case remanded to the district court with directions to enter judgment in favor of the defendant Dr. Hartig.

It is so ordered.

[1]Reported in 265 N. W. 814.