## DOROTHY W. KROLL v. CURT WINDSOR, ALSO KNOWN AS CURTIS H. WINDSOR, JR.

107 N. W. (2d) 53.

December 16, 1960—No. 38,041.

*Samuel G. Smilow,* for appellant.
*John C. DeMoss,* for respondent.

LOEVINGER, JUSTICE.

Suit for recovery of money loaned, plus interest, in which usury is asserted as a defense.

Defendant sought a loan of $2,000 from the plaintiff. About the same time, plaintiff transferred certain lots to a third party for $3,900, concurrently signing a contract for deed to repurchase the same lots in 6 months for $4,850, plus 5-percent interest. Out of this $3,900, plaintiff loaned $2,000 to defendant upon an agreement that defendant should repay $2,450 in 6 months, plus 5-percent interest.

When defendant failed to repay plaintiff, suit was brought for $2,450 plus interest at 5 percent from the date of the loan. Defendant pleaded that the agreement was void as usurious.

The case was tried to the court without a jury. After trial, the

court found that plaintiff loaned defendant $2,000 on an agreement to repay $2,450 in 6 months plus interest, and that this was usurious. Thereafter plaintiff moved for amended findings; and 6 months later the court found that plaintiff borrowed $3,900 at a cost of $900 plus 5-percent interest, that the money loaned to defendant came out of this sum, and ordered judgment for plaintiff for $2,450 plus 5-percent interest from the date of the loan. Judgment was entered accordingly, and defendant appeals.

The issue is whether or not the $450, representing approximately half of plaintiff's cost of securing the $3,900, in addition to interest, can properly be charged to defendant without violating the usury statute.[1]

It is the general rule that actual and reasonable expenses incident to the loan of money may be legally collected from the borrower, although if considered as charges for the use of money they would cause the transaction to be usurious.[2] Such expenses may include the cost to the lender of procuring the money loaned.[3] However, any charge by the lender to the borrower which results, directly or indirectly, in giving the lender a greater return for the use of money than is allowed by law is usurious.[4]

Assuming, as found by the trial court, that the transaction by which plaintiff secured $3,900 was a loan, then the charges paid by plaintiff for the use of this money were obviously usurious. This presents the question whether the cost of paying a usurious rate for money is an actual and reasonable expense which the lender may pass on to the borrower. We find no case precisely in point. However, it seems clear that the payment of a usurious charge for money cannot

---

[1]Minn. St. 334.01. This section permits a maximum interest charge of 8 percent per annum.

[2]See, Annotations, 21 A. L. R. 797, 53 A. L. R. 743, 63 A. L. R. 823, and 105 A. L. R. 795.

[3]Stevens v. Staples, 64 Minn. 3, 65 N. W. 959.

[4]Adjustment Service Bureau, Inc. v. Buelow, 196 Minn. 563, 265 N. W. 659; Allroggen v. Carter, 170 Minn. 153, 212 N. W. 1; Rantala v. Haish, 132 Minn. 323, 156 N. W. 666; cf. Linne v. Ronkainen, 228 Minn. 316, 37 N. W. (2d) 237.

be considered a reasonable expense without frustrating the legislative policy expressed in the usury statute. Accordingly, we hold that such a cost is not a reasonable expense which a lender can pass on to a borrower.

In addition, we cannot overlook the fact that plaintiff's cost of obtaining the money in this case is not an actual expense at all. Assuming that plaintiff borrowed the money at a usurious rate, she was not bound to repay either the principal or the interest.[5] Having repaid the principal and interest, she was legally entitled to recover the full amount of interest so paid.[6] Consequently, if we permitted plaintiff to recover of defendant in this suit, she might then sue the third party from whom she had borrowed to recover the interest she had paid and thus be enriched far beyond the rate permitted by statute.

On the other hand, if the transaction by which plaintiff secured the money which she loaned was not in itself a loan but was, as it appeared to be on its face, a sale of certain lots with the right to repurchase them at a greater price, then the difference in sales and purchase prices was not a cost to plaintiff of obtaining the money loaned. In that event, this amount would not be an actual expense to plaintiff of the loan to defendant, and the agreement between the parties would be clearly usurious.

Upon no theory can a usurious charge paid by the lender for the use of money loaned be held to be an actual and reasonable expense which the lender is entitled to charge the borrower.

Reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that this case is governed by Stevens v. Staples, 64 Minn. 3, 65 N. W. 959. There is no contradiction that the money

---

[5] Minn. St. 334.03.

[6] Minn. St. 334.02. The statute also provides that "one-half of the amount so recovered shall be paid by the officer collecting the same into the treasury of the county where collected, for the use of common schools." We intimate no opinion as to the effect of this provision. In any event, retention of one-half of the amount of the usurious charge paid by plaintiff in the instant case would enrich plaintiff beyond the amount permitted by law.

paid out by plaintiff was required to procure the loan for her brother. It would be most illogical to assume that she would loan $2,000 to her brother, after paying $450 to obtain this sum, without expecting reimbursement for such expense. Her efforts in this respect should not be held to be an attempt to exact usurious interest from her brother.

DELL, CHIEF JUSTICE (dissenting).

I concur in the dissent of Mr. Justice Thomas Gallagher.