JOSEPH DADE *vs.* HENRY SPALDING *et al.*

Submitted on briefs Jan. 16, 1893.   Decided Jan. 20, 1893.

**Usury.**

Evidence *held* sufficient to justify a verdict that a certain transaction was usurious.

Appeal by defendants, Henry Spaulding and D. M. Gunn, from a judgment of the District Court of Crow Wing County, *Holland*, J., entered September 22, 1892, in favor of plaintiff, Joseph Dade, for $88.85.

On April 7, 1890, the plaintiff, Joseph Dade, applied to A. L. Hoffman to borrow $75. Hoffman drew a note for that amount payable to E. E. Webster or order sixty days thereafter, bearing interest at the rate of ten per cent. a year, and also a mortgage on Dade's horses, wagon and bobsleds securing the payment of the note, and Dade executed them and received from Hoffman but $65. Hoffman signed a guaranty of payment on the back of the note, and claimed to be an agent for Webster, and retained the ten dollars for his services in procuring the loan, preparing the note and mortgage and signing the guaranty. When the note fell due, Dade applied to Hoffman for an extension and paid to him the interest to that date, $1.25, and also $10, for his services in procuring an extension of the time of payment for three months. When this time expired he again obtained extension of payment and paid the interest to Hoffman, and another $10, for his services in procuring delay in payment. These extensions of time were repeated until November 9, 1891, and during the time Dade paid to Hoffman in all $58.42 for his supposed services in the matter. On this last-mentioned date Hoffman commenced an action in the name of E. E. Webster and employed Henry

Spaulding, Sheriff of Crow Wing county, and his deputy D. M. Gunn, to take the mortgaged property under a writ of replevin issued in that action. They seized a part of the property under the writ.

On December 12, 1891, Dade commenced this action against the Sheriff and his deputy to recover the value of the property taken by them in the replevin suit, claiming that Hoffman was in fact the lender of the money, and resorted to the devices mentioned, to cover and conceal usury. The issues were tried April 1, 1892, and the jury returned a verdict for plaintiff and assessed his damages at $65, the value of the property taken. Judgment was entered thereon and defendants appealed.

*McClenahan & Mantor,* for appellant.

If the note and mortgage were not originally usurious, the extensions would not make them so. *Avery* v. *Creigh,* 35 Minn. 456. Hence the sole question is, whether the taking of $10, when the loan was made was in fact interest or payment to Hoffman for finding the money, drawing the securities and becoming guarantor of payment. If it was a bonus, it was exacted by Hoffman upon his own responsibility. Webster never authorized it. He neither ratified nor sanctioned it; neither did he derive any benefit from it, or know anything of it. Hence the act could not constitute usury as to Webster, even admitting Hoffman to have been his agent. *Acheson* v. *Chase,* 28 Minn. 211; *Lewis* v. *Willoughby,* 43 Minn. 307. If it was taken as compensation, in whole or in part, it must appear to have been excessive, and to have been authorized or sanctioned by Webster, else there is no usury. *Stein* v. *Swensen,* 46 Minn. 360; *Jordan* v. *Humphrey,* 31 Minn. 495.

*True & Wetherby,* for respondent.

MITCHELL, J. The only question on this appeal is whether the evidence was sufficient to justify the jury in finding that the mortgage under which defendants claimed the possession of the personal property in controversy was usurious and void.

The theory of the plaintiff was that Hoffman, the pretended agent of Webster, the nominal mortgagee, was himself the real principal

in the transaction, and that his alleged agency was a mere subterfuge to evade the statute. The formalities and contrivances resorted to to clothe the transaction on Hoffman's part with the appearance of that of an agent were so unusual, and yet so transparent, as to fully warrant the jury in concluding that he, and not Webster, who never once appeared, either in the transaction or on the trial, was the real principal. If transparent contrivances of this sort, to evade the statute, should prove effectual, the administration of the law would fall into deserved disrepute. We never met with a case where the maxim that "unusual clauses always excite suspicion" was more applicable.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 591.)