GEORGE P. GOULD and Another v. ST. ANTHONY FALLS BANK.[1]

June 29, 1906.

Nos. 14,808—(128).

**Usury.**

> An agreement, although involving an alleged device to evade the usury law as by way of a sale or resale, which is entered into in good faith and with no purpose to avoid the usury law, may be upheld.

**Resale and Mortgage Sustained.**

> Plaintiff purchased a lot from defendant bank by a written contract for $2,000, for which sum he gave his note. After the bank had subsequently loaned him on various notes $5,000, he desired a further loan of $12,500 for building operations on that lot. Thereupon it was orally agreed that the contract and note should be canceled, that the land be conveyed to him for a consideration of $2,500, that he should execute a mortgage of $20,000, and that the bank should advance him the additional sum of $12,500. The time at which the $20,000 was to be paid was not then fixed; but, when this agreement was carried into effect, plaintiff determined the length of the time of the loan himself voluntarily and without compulsion. If that time had been the same as the period of the original loan of $2,000, the mortgage loan would not have been usurious. For the time which he fixed, and for which the mortgage of $20,000 ran, the rate of interest would have been eleven per cent. per annum on the original loan of $2,000, the subsequent loan of $5,000, and the final loan of $12,500, making in all $19,500. The court found, and was justified in finding, that the land was reasonably worth $2,500. It is *held* that the transaction was not void under the usury law.

Action in the district court for Hennepin county to cancel a promissory note and real-estate mortgage on the ground of usury. The case was tried before Frederick V. Brown, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*L. W. Collins* and *Wm. H. Hallam,* for appellants.

*Lancaster & McGee,* for respondent.

JAGGARD, J

This was an action to cancel a note and mortgage for usury. The plaintiffs and appellants are husband and wife. Hereafter the husband

[1] Reported in 108 N. W. 951.

will be referred to as the plaintiff. Two months before the transaction in question plaintiff bought from the defendant a lot (covered by a mortgage) for $2,000, payable in one year at six per cent. interest, under a written contract. From time to time the defendant and respondent bank loaned the plaintiff additional money, until on August 30, 1899, he owed them $7,000. Plaintiff desired a further loan of $12,500 to be used in building operations on the lot. "As a condition for this favor," the original contract and note were canceled; a deed to the land was executed to him for a changed consideration, to wit, $2,500; the further loan of $12,500 was made to him; and thereupon he executed a note and mortgage for $20,000, due in eight months, with interest at seven per cent. The plaintiff insists that the $500 additional consideration for the transfer was a bonus extorted by graft and rendered the transaction usurious; that the actual indebtedness was $19,500; that the mortgage was for $20,000; and that the result was a charge of over eleven per cent. interest on the actual amount of money loaned. The court found that the reasonable market value of the lot was $2,500, as the defendant reasonably believed, that the loan was not usurious and directed that the defendant have judgment against the plaintiff for costs and disbursements. This appeal was taken from its order denying plaintiffs' motion for a new trial.

The facts in this case show, according to the plaintiffs' contention, that there was a loan, an absolute and unconditional contract for its repayment and return, and a promise to pay for the use of the money loaned more than the legal rate of interest. The only controversy arises as to the promise to pay more than the legal rate of interest.

A number of relevant principles of law are well settled. Where the facts are undisputed and only one inference can reasonably be drawn from them, usury becomes a question of law; but when the evidence is conflicting, or the undisputed facts are such that different inferences may be drawn from them, usury is a question of fact. If the lender knowingly takes, as interest or as compensation for the use of money, more than the legal rate, the intent to take usury is presumed. Where a transaction, although involving an alleged device to avoid the usury law, as by way of a sale, is entered into in good faith and with no purpose to evade the usury law, it may be upheld. Barry

v. Paranto, 97 Minn. 265, 106 N. W. 911. And see Stevens v. Staples, 64 Minn. 3, 65 N. W. 959; Farmers v. Smith, Clarke Ch. 541; Neefus v. Vanderveer, 3 Sandf. Ch. 268; Saxe v. Womack, 64 Minn. 162, 66 N. W. 269; Bank of U. S. v. Waggener, 9 Pet. 378, 9 L. Ed. 163; Thurston v. Cornell, 38 N. Y. 281; Webb, Usury, § 33.

The question in this case then is whether the defendant made a usurious loan as a matter of law, or whether different inferences might be drawn from the admitted facts, and whether in such case the findings of the trial court are sustained by the evidence. The case is a close one, and we are not without grave doubt; but upon the whole we think the trial court was correct. The contract is admitted to have been a valid and subsisting one. The plaintiff had not defaulted as to any matter by him to be performed in accordance with this promise. If the resale was a mere device to evade usury, the plaintiff must prevail, and we do not think there would be any consideration for the additional payment of $500, although it is true that the plaintiff, by canceling and surrendering his original contract and accepting a deed acquired a legal, in place of an equitable, title to the lot, and that by this same transaction the bank lost its legal title to the land, and by a mortgage executed to secure the total indebtedness, acquired a lien only upon the land.

The question then arises whether from the facts as to the resale the inference must be drawn, as a matter of law, that it was a device to evade the usury law, and was intentionally used by the defendant, with knowledge in fact or in law of a corrupt agreement. We would be quite clear that this would be the necessary inference from the facts stated, if it were not for further and additional facts, as the following: When the oral agreement was entered into, in pursuance of which the deed and mortgage were subsequently executed, no time was fixed for the payment of the amount of the mortgage note. If that time had been for the same period for which the original note ran, the excess of interest above the legal rate on a $20,000 transaction would have amounted to only a small sum, which counsel have figured to be some $12.50. Such an error in computation would not have rendered the transaction usurious. 47 Cent. Dig. tit. "Usury," § 146. In negotiations pursuant to this valid preliminary arrangement, the plaintiff himself fixed a shorter time in which the note was to be

paid, and thus, of his own volition and without any sort of compulsion on the part of the defendant, he created the state of facts upon which the question as to usury arose. This argument of defendant is a legitimate one, viz.: That if the defendants were seeking merely to make some extra interest, and resorted to the resale for an extra $500 on the lot as a mere cover for such excess interest, they were doing an exceedingly unbusiness like and foolish thing; for by making the new loan mature only a few days later they could have put the transaction clearly beyond any controversy as to usury.

In view of these circumstances, inter alia, we think the inference to be drawn from the testimony was not one of law, but of fact. The trial court has determined that fact in favor of the bank. No sufficient reason has been pointed out for disturbing that finding under the familiar rule sustaining it. None of the authorities previously quoted, which are more or less nearly relevant, involved a state of facts in which the loan, if usurious at all, was made usurious by the act of the borrower himself in fixing the time of payment. Their discussion would not seem to serve any good purpose.

Order affirmed.

On September 14, 1906, the following opinion was filed:

PER CURIAM.

In their petition for reargument, counsel for the plaintiffs and appellants have pressed with great earnestness upon the court the principle that when the existence of an agreement for the payment of unlawful interest is proved it is not necessary further to prove an actual intention to violate the law, and argue that the decision rendered is inconsistent with this principle. That principle is well settled, and is the undoubted law of this state. If the facts here show what the plaintiffs contend, namely, that there was an agreement to pay eleven per cent. interest, then there was no question of fact for the court or jury to pass upon. The case is on the border line, but after careful consideration of plaintiffs' able brief and further deliberation, we have concluded to adhere to our original conclusion.

Conceding plaintiffs' premises, there is no escape from their conclusion, but we are not prepared to admit those premises. This is

a case in which there were two contracts, an original agreement and a novation. The only question was whether the novation was a device to evade usury or a bona fide agreement. If the plaintiffs' contention is correct, the $500 which they call a bonus was without consideration. If their view be not correct, then the second contract was an entire transaction, the consideration of which was unquestionable, under the ordinary principles applying to the sale of lands, the lending of money, and the execution of mortgages. We conclude that there was a question of fact as to the good faith of the second agreement, and that the trial court should be sustained in holding that the second transaction was not a device to avoid the usury law.

Application for reargument denied.