## VICTOR RANTALA v. F. A. HAISH AND OTHERS. [1]

### March 3, 1916.

### Nos. 19,378—(46).

**Usury—question of law, when.**

1. Whether a transaction is usurious is generally a question of fact. But where the facts are undisputed and only one conclusion can reasonably be drawn from them, usury becomes a question of law.

**Same—evidence.**

2. It clearly appears from the facts presented in the record that the loan to plaintiff was made by defendants Haish from their own funds, although they expected later to sell one note and mortgage to defendant More. The amount actually received by plaintiff with interest computed at the highest legal rate is less than the amount which he agreed to pay for the loan. *Held* that the transaction was usurious.

**Note valid—mortgage to secure it invalid.**

3. Defendant More is a *bona fide* purchaser for value without notice and before maturity of the $300 note which, by the terms of the statute (G. S. 1913, § 5807), is valid in his hands. But the mortgage securing such note cannot be enforced.

Action in the district court for St. Louis county by Victor Rantala, against F. A. Haish, A. D. Haish and J. B. More, to restrain defendants from selling, collecting or disposing of a certain note for $300, and

[1] Reported in 156 N. W. 666.

from selling or foreclosing the mortgage given to secure it, and to cancel the note and mortgage and the record of the mortgage and assignment. The case was tried before Dancer, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed and judgment in favor of plaintiff ordered.

*John E. Samuelson,* for appellant.

*Spencer J. Scarls* and *H. G. Gearhart,* for respondents.

SCHALLER, J.

On October 2, 1911, plaintiff applied to the defendants Haish for a loan of $300, offering as security a mortgage upon certain land in St. Louis county, Minnesota, then owned by him. On the same day he executed and delivered to defendant F. A. Haish his note for $300, due October 2, 1916, with interest at seven per cent per annum, payable semiannually, and executed a mortgage on his land to secure the note. At the same time he executed and delivered to defendant F. A. Haish a note for $30, due in ten equal semiannual instalments, securing the same by a second mortgage on the same land. This last note contained a recital that it was given for services rendered by F. A. Haish in procuring a loan for plaintiff. Both mortgages were duly recorded, the first on October 3, 1911, the second on April 26, 1912.

Thereupon defendants Haish assigned the first mortgage in blank and delivered the same to the First National Bank of Duluth, Minnesota, as collateral to their note for $300. The $300, after certain deductions were made therefrom for expenses in making the loan and for $15 commission to one Webb, agent for defendant More, was paid to the plaintiff.

The amount received by the plaintiff was $274.60, and in addition there was paid for him by defendants Haish the sum of $10.40, which covered amounts necessary to pay the fire insurance premium, the registry tax, the fee for recording the mortgages and assignment and the expenses of procuring an abstract.

After the mortgage had been executed and delivered to the defendants Haish, one of them, A. D. Haish, took the mortgage and notes to one Webb, agent for defendant More, and submitted them to him, and

was informed by Webb that he would take the loan when the patent was issued. The patent for the plaintiff's land was not issued until December 11, 1911. The $300 note and mortgage securing it, at some date subsequent to December 11, 1911, were assigned and delivered by defendant F. A. Haish to the defendant More, and the assignment was recorded on the twenty-second of June, 1912.

It appears that the defendants Haish were negotiating and making loans and selling them, acting generally as loan brokers, and that occasionally they advanced money on their own account.

It appears that the total amount of money received by plaintiff, including the checks for $274.60, and the expenses, $10.40, was $285. Fifteen dollars was retained out of the $300 procured from the Duluth bank for the purpose of paying a commission to Webb, the agent for More. This $15 was paid to Webb at the time of the transfer of the mortgage and note from F. A. Haish to More.

The trial court found that there was in this transaction no corrupt intent to avoid the usury law.

The cause was tried to the court which found the facts substantially as above and ordered judgment for the defendants. From this judgment the plaintiff appeals.

The only question here is whether the facts found by the court support the conclusion of law that the notes and mortgages were not usurious.

1. Under the provisions of the statute (G. S. 1913, § 5805), it has been held that the court will examine and scrutinize the transaction itself under whatever guise it may appear. The court will determine the question of usury from the actual facts no matter what means may be taken to hide it by legal terminology, or to clothe it in lawful and respectable garments. "There is no device or shift on the part of the lender to evade the statute under or behind which the law will not look in order to ascertain the real nature of the transaction." Lukens v. Hazlett, 37 Minn. 441, 35 N. W. 265; Dade v. Spalding, 52 Minn. 356, 54 N. W. 591; Phelps v. Montgomery, 60 Minn. 303, 62 N. W. 260; Babcock v. Murray, 69 Minn. 199, 71 N. W. 913; Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939.

It is the law that "where the facts are undisputed and only one inference can reasonably be drawn from them, usury becomes a question of

law." Jaggard, J., in Gould v. St. Anthony Falls Bank, 98 Minn. 420, 108 N. W. 951.

2. It cannot be disputed that the actual sum which the plaintiff received from the defendants Haish was $285. For this consideration he agreed to pay $300 in five years with interest at seven per cent. The interest would amount to $105. He also gave his note for $30. The total amount which he agreed to pay for this $285 loan was $300+ $105+$30, in all $435.

Applying the rule in the case of Smith v. Parsons, 55 Minn. 520, 57 N. W. 311, we find that this plaintiff actually received in cash $285. The interest on that amount for five years at ten per cent is $142.50. This sum, being added to the $285, brings the total to $427.50. The sum which plaintiff contracted to pay is $7.50 more than he would have been obliged to pay if he paid interest on the total amount received at the highest legal rate for the time during which he had the money. The amount above the legal rate is small, but there is distinctly an excess. Cowles v. Canfield, 49 Minn. 496, 52 N. W. 135.

It appearing that the amount contracted to be paid is in excess of the legal rate of interest under any rule of computation known to the law and it further appearing that this transaction was had between the defendants Haish and the plaintiff and that they furnished and paid their own funds, we have arrived at the conclusion that the transaction was usurious and that these notes and mortgages in the hands of the defendants Haish were usurious and void. The facts presented in the record make it clear that this loan was made by Haish from his own funds and not as the agent of either Webb or More.

3. The district court finds that defendant More is a *bona fide* holder for value before maturity and without notice. The statute (G. S. 1913, § 5807) provides:

"All * * * notes, mortgages * * * whereupon or whereby there shall be reserved, secured, or taken any greater sum or value for the loan * * * of any money * * * than hereinbefore prescribed, shall be void, except as to *bona fide* purchasers of negotiable paper, in good faith, for a valuable consideration and before maturity, as hereinafter provided * * * and nothing herein shall prevent the purchase of negotiable mercantile paper, usurious or otherwise, for a valuable consideration, by an innocent

purchaser, at any price before the maturity of the same, when there has been no intent to evade the provisions of this chapter, or where such purchase has not been a part of the original usurious transaction; but where the original holder of a usurious note sells the same to an innocent purchaser the maker thereof, or his representatives may recover back from the original holder the amount of principal and interest paid by him on said note."

But it is well settled that, although the note may be valid, the security comes to defendant More tainted with usury, so that the mortgage is void and of no effect whatsoever. Smith v. Parsons, supra.

We have not overlooked the decisions in Swanson v. Realization & Debenture Corporation, 70 Minn. 380, 73 N. W. 165, and Commonwealth Title Ins. & T. Co. v. Dakko, 89 Minn. 386, 94 N. W. 1088. A majority of the court are of the opinion that these cases are distinguishable in their facts from the instant case.

It follows that the judgment of the district court must be reversed, and that judgment must be entered for the plaintiff against defendants Haish for his costs and disbursements; that the mortgage for $300 be adjudged void and of no effect; that the commission note and both mortgages be surrendered up, to be canceled and released of record, and that the defendants and each of them be enjoined and restrained from enforcing or attempting to enforce the commission note and both mortgages.

So ordered.

On March 23, 1916, the following opinion was filed.

Per Curiam.

Attention has been called in an application for rehearing to the fact that defendant A. D. Haish is not a party to this appeal, and therefore, that we erred in ordering judgment against him. It appears that this defendant interposed a demurrer to the complaint which the trial court sustained. He was not thereafter proceeded against, and dropped out of the case. It is, therefore, ordered that the order for judgment heretofore made directing the entry of judgment against this defendant be modified by eliminating the portion thereof which so directs judgment against him. With this modification, the application for rehearing is denied.