## STATE BANK OF NORTHFIELD v. NORTHWESTERN SECURITY COMPANY.[1]

June 13, 1924.

No. 23,922.

**Definition of usury.**

1. To constitute usury there must be a loan with an agreement to repay with greater than legal interest.

**Same.**

2. If that be the transaction, no matter what device or shift is used to conceal it, there is usury.

**Discount or sale of commercial paper.**

3. A mere discount or sale of commercial paper, though the buyer makes more than the legal rate, is not usurious; but a transaction in the form of a sale or discount, at a rate greater than the legal rate of interest, if in fact a loan, is usurious.

**Evidence.**

4. The evidence shows a sale or discount of notes and not a loan.

Action in the district court for Hennepin county to recover upon a guaranty of payment of certain mortgage notes. The case was tried before Molyneaux, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. E. Fryberger,* for appellant.

*Jesse Van Valkenburg,* for respondent.

DIBELL, J.

This is an action to recover on a guaranty by the defendant of the payment of notes payable to it and transferred to the plaintiff

[1]Reported in 199 N. W. 240.

with a guaranty of payment. The court directed a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

The defense is usury, not in the notes as between the maker and payee, but in the subsequent transaction between the payee and the plaintiff bank which took them at a discount with the guaranty of the payee.

1. To constitute usury there must be a loan with an agreement to repay with greater than legal interest. 3 Dunnell, Minn. Dig. § 9961, and cases cited.

2. It matters not what device or shift is used, or what is the form of the transaction, if there is in fact a loan and an illegal rate of interest reserved, there is usury. Trauernicht v. Kingston, 156 Minn. 442, 195 N. W. 278; Rantala v. Haish, 132 Minn. 323, 156 N. W. 666; 3 Dunnell, Minn. Dig. § 9965, and cases cited.

3. A mere discount or sale of commercial paper does not constitute usury though the buyer makes more than the legal rate. But if a transaction in the form of a discount or sale is in reality a loan at a rate greater than the legal rate it is usurious. 3 Dunnell, Minn. Dig. § 9979, and cases cited. The doctrines of the different courts and their application of them to particular facts are not always harmonious. Cases are collected in 43 L. R. A. (N. S.) 211; 27 R. C. L. 215, § 16; 1 Daniel, Neg. Inst. §§ 762-768; 39 Cyc. 931.

4. The defendant, an investment and loan company, was the owner of notes secured by second mortgages largely on Montana lands, which it had received in payment of its commissions in negotiating loans. They represented a three per cent commission, that is, three per cent for each year which the mortgage ran, usually five or six years, and became due in yearly instalments. They bore no interest until maturity. These mortgage notes were transferred to the plaintiff on October 1, 1918, with a guaranty of "payment when due of each and every instalment mentioned with each and every note in connection with each and every one of said mortgages, hereby waiving notice, demand and protest." The defendant had "the privilege of repurchasing any and every one of said mortgages at any time at its present value at the time of repurchase on the

basis of a discount at the rate of 10 per cent per annum for the average time of the unpaid instalments."

The notes were transferred by the defendant to the plaintiff for value. They were valid obligations of the makers. They were taken by the plaintiff at a rate of discount giving it the equivalent of an interest rate of twelve per cent on its investment payable not yearly but at the maturity dates, which varied from one to five or six years after the transfer. The average was slightly in excess of two years.

If the transaction was in reality a loan of the money paid by the plaintiff to the defendant there was usury. We are unable to see a loan. The written contract does not show one. It shows a sale of the notes, and a guaranty by the defendant. The evidence is not sufficient to prove that the contract was not the real agreement. The defendant had no account with the bank. It did not ask a line of credit. It merely sold the paper. It did not agree to pay except as its guaranty of "payment when due" was an agreement to pay. The transaction was not a pledge of the notes for a loan. The correspondence of the parties indicates that both thought of the transaction as a sale accompanied by the defendant's guaranty. Neither thought of a borrowing or lending.

We have examined all the cases cited. We find none compelling a conclusion different from that reached by the trial court. The defendant relies much upon Becker's Inv. Agency v. Rea, 63 Minn. 459, 65 N. W. 928. There the trial court found that the transaction was a sale of paper and not a loan of money. Its finding was sustained. In reviewing the evidence the court said that whether a transaction is a loan or a sale is usually a question of fact, as there it was. Under other facts it may be a question of law. Rantala v. Haish, 132 Minn. 323, 156 N. W. 666; Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L. R. A. (N. S.) 465. Unless we adopt the view that a mere transfer and sale of commercial paper at a rate of discount which applied to a loan would be usurious is usury, and that is not in accord with our decisions, we cannot hold that usury can be found here.

Order affirmed.