# MINNEAPOLIS DISCOUNT COMPANY v. CHARLES G. CROFF AND ANOTHER.[1]

October 22, 1937.

No. 31,435.

*E. Luther Melin,* for appellants.

*Gale P. Hilyer, Clarence O. Holten,* and *Reuther, Sullivan & Moylan,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal by defendants from an order of the municipal court of the city of Minneapolis denying their motion for a new trial after a directed verdict in plaintiff's favor.

The action is in replevin to recover possession of a Ford coupé more particularly described in a conditional sales contract entered into on the 19th day of September, 1936, between one A. D. Eagleton as seller and defendants as buyers, which contract was thereafter assigned to plaintiff. The contract recited that the buyer was to pay for the automobile the sum of $151.60 in time and man-

[1]Reported in 275 N. W. 511.

ner as follows: $50 in cash on or before delivery and the balance in 20 biweekly payments of $5.08. The contract referred to the purchase price as the "time price" and contained the usual provisions as to the passing of title and the seller's remedies if default occurred. That default did occur in the making of two payments is not disputed.

There is controversy as to the amount of consideration to be paid. It appears from the record that the contract was signed in blank with the understanding that the sale price was to be thereafter inserted. In their answer defendants assert that the amount to be inserted was $120 instead of $151.60 as shown by the contract. The deal involved a trade-in of a Graham coach, the value of which appears to have represented the down payment. There was also to be included in the purchase price a sum sufficient to cover the insurance and a finance charge. A dispute exists as to the amount of the latter.

A discussion of the respective claims as to whether the consideration was actually $151.60, the sum shown in the contract, or $120, the sum claimed by the defendants, would not be particularly helpful. The point contended for by the defendants is that the purchase price inserted in the written instrument was greater than the sum agreed upon and that the excess amount represented a usurious charge for interest, thereby making the contract illegal and unenforceable. The trial court adopted the view that defendants wholly failed to prove their contention that the contract was usurious and directed a verdict in plaintiff's favor.

The trial court was correct. The defense was usury. All testimony offered by defendants was to the effect that the purchase price shown in the contract was not the amount agreed upon. To constitute usury there must be: (1) A loan; (2) an agreement for its return at all events; and (3) an agreement to pay more than the legal rate for the use of it. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 9961; State Bank v. Northwestern Security Co. 159 Minn. 508, 199 N. W. 240.

Here the defendants deny that the written conditional sales contract represents the true agreement between the parties. They do

not contend that a contract embodying the true agreement would be usurious. Under such a situation the defense of usury cannot be sustained.

The burden of proving usury was on the defendants. They attempted to do so by showing not that the sum they agreed to pay in the instrument included an item that represented an illegal interest charge but by showing that the instrument as drawn did not in fact represent the true agreement between the parties. Whatever may have been the rights of the defendants in an action to have the contract set aside as having been procured by fraud or in an action to have it modified to conform with the real agreement, they cannot in this action take the position that they entered into a usurious contract and at the same time assert that the contract which they contend was usurious was not their contract at all. The fact that defendants may have mistaken their remedy does not permit the court to grant them relief upon some theory other than the one pleaded and proved. Upon the proof offered it could not be held that the contract was usurious.

Holding, as we do, that the defendants wholly failed to prove the defense of usury pleaded by them, it is unnecessary to consider the further question as to whether plaintiff was a good faith purchaser of the contract in question or to discuss the other points involved in the case.

The order appealed from is affirmed.