THE ST. PAUL FIRE & MARINE INSURANCE COMPANY *vs.* LO-
RENZO ALLIS and others.

## August 11, 1877.

**Trial by Court—Motion for New Trial not Essential in Order to Review the**
**Evidence upon Appeal.**—Where an action is tried by the district court
itself, without a jury, a motion in that court for a new trial, upon the
ground that the evidence does not justify any finding of fact, is not
necessary in order to entitle an appellant to raise the question of the
sufficiency of the evidence in this court. The statute gives a party the
right to make the motion below if he desires to do so, but does not
require him to make it as a prerequisite to his right to have the suffi-
ciency of the evidence examined here.

**Amendment of Charter—When not Obnoxious to the Constitution.**—Sp. Laws
1865, *c.* 61, which purports to amend Laws 1853, *c.* 7, 8, being the
charter of "The St. Paul Mutual Insurance Company," is not obnox-
ious to that clause of our constitution which forbids the formation of
corporations by special act.

**Corporation—Evidence of Continued Corporate Existence.**—A continued user
of the franchises of an incorporated and organized company, by persons
assuming to act as the directors and officers of such company—persons
in the actual possession and exercise of such franchises, and in possession
and control of the company's records, and who have carried on its busi-
ness without any objection—is competent evidence of the continued cor-
porate existence of such company, and that the persons who thus
claimed to be its directors, and acted as such, were its legal directors.

Appeal by defendants from a judgment of the district court
for Ramsey county, upon an action to foreclose a mortgage,
tried before *Simons, J.,* without a jury.

*James B. Beals* and *Allis & Allis,* for appellants.

*Harvey Officer,* for respondent.

BERRY, J.   1. The court before which this action was tried
finds, as conclusions of fact, that the plaintiff is a corpora-
tion, and that a certain mortgage was delivered to the plain-
tiff by the defendants Allis and wife. The defendants claim
that these findings are not justified by the evidence. No
motion for a new trial upon this ground was made below.
Where, however, an action is tried by the district court itself,

without a jury, a motion in that court for a new trial, upon the ground that the evidence does not justify any finding of fact, is not necessary, in order to entitle an appellant to raise the question of the sufficiency of the evidence in this court. In arriving at its findings of fact the district court distinctly and directly passes upon the sufficiency of the evidence to justify them, and there is no reason why it should be required to pass upon it a second time, to entitle a party to review its action in the appellate court. The statute gives a party the right to make the motion below if he desires to do so, but does not require him to make it as a prerequisite to his right to have the question of the sufficiency of the evidence examined here.

2. As to the delivery of the mortgage to the plaintiff by Allis and wife the evidence was conflicting. Some of it reasonably tended to show that the delivery was made, and some that it was not made. By a familiar rule this condition of the evidence prevents us from disturbing the finding of the fact of delivery.

3. As respects the corporate character and existence of the plaintiff, there is evidence showing the incorporation and organization of "The St. Paul Mutual Insurance Company," under the provisions of its original charter, found in Laws 1853, c. 7, 8. By Sp. Laws 1865, c. 61, chapters 7 and 8, Laws 1853, were amended in several particulars.

Defendants contend that chapter 61 is not properly amendatory of chapters 7 and 8, but that, under the guise of amendments, it creates a corporation materially different from that created by the acts of 1853. These acts created a mutual insurance company, with authority to issue stock policies to persons desiring such. The act of 1865 purports to make the company an exclusively stock company. This is the most radical and important change attempted. We think it is not obnoxious to that clause of our constitution which forbids the formation of corporations by special act. Its effect is only to authorize the company created by the acts of 1853 to exercise

its subsisting franchise of carrying on the business of fire and marine insurance in a manner different from that prescribed by the original charter. This is by no means the formation of a new corporation, for both the franchise of corporate existence, as well as the general business and purpose of the incorporation as prescribed by the original charter, remain unchanged.

The evidence in the case further shows a continued user of the franchises conferred by the acts of 1853 down to March 14, 1865, by persons assuming to act as the directors and officers of the company—persons who appear to have been in the actual possession and exercise of the franchises of the company, to have had the possession and control of its records, and, in general, to have carried on its business. The records show much looseness and irregularity in the conduct of business, and in the election of directors; but, nevertheless, the fact remains that the persons who assumed to act as the directors and officers of the company were its directors and officers, *de facto* at least, and there is nothing tending to show that their claim to be the directors and officers of the company, or their exercise of its franchises or management of its business, was ever in any way put in question or objected to.

These facts are certainly competent and credible evidence of the corporate existence of the company on March 14, 1865, and that the persons who at that time claimed to be the directors of the company, and acted as such, were its legal directors. Upon this evidence the court below was, therefore, authorized to find that the persons mentioned were the legal directors, and, therefore, that their acceptance of the act of 1865, in accordance with the provisions of its last section, was valid and binding upon the company.

The act of 1865, besides making the company exclusively stock instead of mutual, also changed its name to that of the present plaintiff, and made other alterations of the original charter as respected the government of the company, the management of its business, etc. Under the charter, as thus

amended by the act of 1865, the plaintiff claims to exist and act as a corporation. No defect or irregularity in the proceedings of the company or its officers, subsequent to the acceptance of the act of 1865, affecting in any way plaintiff's corporate character or existence, is pointed out by the defendants. Even if any such defect or irregularity could be found, the case shows such a user and exercise of franchises, and conduct of business, since the acceptance of the act of 1865, as certainly furnishes competent and credible evidence of the corporate existence and character of the plaintiff. From all this it follows that the inquiry arising upon this branch of the case—viz.: whether the finding that the plaintiff is a corporation is justified by the evidence—must be answered in the affirmative. Judgment affirmed.