# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### REES v. HENN ET AL.

CONTRACT: BREACH OF: EVIDENCE.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, DECEMBER 7, 1882.

ACTION to recover for potatoes and hay, sold and delivered by the plaintiff to the defendants. The latter pleaded a counter-claim. Trial to the court, judgment for the defendants, and plaintiff appeals.

*Stewart & Askworth*, for appellant.

*Sapp & Lyman*, for appellees.

SEEVERS, CH. J.—The parties entered into a written contract whereby the plaintiff agreed to sell and deliver to the defendant three hundred tons of hay at a named price—the hay to be delivered as specified in the contract. It was agreed that, if either party failed to perform on his part, the party so failing should pay the other $250, as liquidated damages. The contention in the Circuit Court and in this court is as to which party failed to perform the contract on his part. The Circuit Court found the plaintiff had, and awarded the damages for the breach. By the terms of the contract the hay was to be delivered to the defendants at Council Bluffs, and paid for on delivery. Two parcels of hay were delivered, and the defendants were directed to pay one Jackson therefor. They paid Jackson a part of the agreed price only, and another parcel of hay was delivered, but no directions given as to how or to whom payment was to be made.

As the delivery was to be made and was made at Council Bluffs, and the plaintiff resided some distance therefrom, the place of payment was the place of delivery, but there was no one thereto whom it could be made. For the hay first delivered the defendants paid Jackson in full, October 7, 1881. The second lot of hay was shipped September 27, 1881, and probably was received by the defendants before the payment to Jackson last mentioned. The plaintiff at no time claimed the defendants had failed to perform on their part, because of the failure to pay Jackson more promptly than was done. Because the last lot of hay delivered was not paid for, the plaintiff, on November 10th, 1882, wrote the defendants that he regarded the contract as being void, and he de-

clined to deliver any more hay. The defendants were ready and willing to pay at the place of delivery.

On November 21st, 1882, the parties had an interview, and as to what occurred the evidence is conflicting. This interview was not at the place of delivery and payment, and the court was warranted in finding no demand was made on defendants to pay for hay that had been delivered, nor did the defendants offer to pay. The plaintiff did not offer to deliver any more hay under the contract. We do not think the defendants were bound to pay or be ready to pay for the hay at any other place than at the place of delivery.

The court rightly concluded the defendants were not in default, but that the plaintiff was. The defendants move for judgment in this court on the supersedeas bond. The motion must be sustained, and judgment will be entered accordingly.

AFFIRMED.