## THADDEUS McCASLAND v. TOWNSHIP OF WALWORTH.[1]

May 5, 1916.

Nos. 19,703—(43).

**Highway.**

A four rod road was duly laid out, established and opened on the section line which was the boundary line of plaintiff's land. Some time before the road was laid out, plaintiff had built a fence on the south side of his land which he has continuously maintained ever since.

[1]Reported in 157 N. W. 715.

This fence is more than four rods north of the center line of the road as laid out. Public travel deviated to the north of the four rod road limit, but at no place was the traveled track less than one rod from the fence. *Held*, that the travel and use by the public was had with reference to the fact that a legal highway had been laid out on the section line; and that a deviation of travel outside the four rod limit was not in itself such notice to the landowner as would set in motion the six year statute of limitations.

Action in the district court for Becker county to restrain defendants from entering upon the premises of plaintiff and doing any work thereon. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff. Defendant's motion for amended conclusions of law was denied. From the judgment entered pursuant to the order for judgment, defendant township appealed. Affirmed.

*H. N. Jenson*, for appellant.

*P. F. Schroeder*, for respondent.

SCHALLER, J.

Suit for an injunction to prevent the defendant Township of Walworth and William Davis, a contractor, from removing and tearing down plaintiff's fences and grading his lands for a public highway.

Plaintiff since 1901 has been the owner and in actual occupancy of the southwest quarter of section 21 in the town of Walworth, county of Becker, Minnesota, upon which land he has continuously resided.

In March, 1902, the town board of the township of Walworth duly laid out a public highway two miles long and four rods wide beginning at the northeast corner of section 28 and running west on the section line to the northwest corner of section 29. During that year the road was opened and established and ever since has been used for public travel. At the time the road was laid out and opened the plaintiff had built and was maintaining a fence on the north side of the traveled portion of the road, and has maintained it continuously ever since. The fence does not in any way encroach upon or interfere with the traveled portion of the road. The travel begins on the section line at the northeast corner of section 28 and, at some distance west of the corner, leaves the section

line and runs in a northwesterly direction to the quarter section line, thence in a southwesterly direction to the section line near the northwest corner of section 28, thence due west to the northwest corner of section 29. At the quarter post between sections 28 and 21 the road is about 55 feet north of the section line. At no point is plaintiff's fence nearer to the section line than 55 feet and the traveled track of the road at no point approaches plaintiff's fence nearer than one rod.

Travel passed over this road for more than six years prior to the beginning of this action; work was done thereon, and it was kept in repair by the public authorities, but it does not appear that the travel has been along the same track during the six years. The finding of the court is:

"That the traveled track of said road as now in use begins on the section line between said sections 21 and 28 and leaves said section line, running in a northwesterly direction until opposite the quarter post in the Government survey on the south line of said section from which it is distant north about fifty-five feet, and follows thence in a southwesterly course until it meets the section line again at the southwest corner of said section 21 and the northwest corner of said section 28." The section line between sections 21 and 28, 20 and 29 is a straight east and west line. The true section post between sections 21 and 28 is located about 55 feet south of plaintiff's fence.

The case was tried to the court which made its findings of fact substantially as above, and ordered judgment in favor of the plaintiff and against the defendants. Defendants moved for an order amending the conclusions of law, and, the motion being denied and judgment entered for the plaintiff, appeal.

The only question presented here is whether the findings of fact support the conclusions of law, defendants claiming a road by statutory prescription, and that they have the right to remove obstructions and to the use of the plaintiff's land up to a distance of two rods from the middle of the traveled track.

The legislation (G. S. 1913, § 2563), upon which the claim is based, is substantially in the same form as the act considered in Miller v. Town of Corinna, 42 Minn. 391, 14 N. W. 127, except that it has been amended so as to include land within two rods on each side of the middle of the traveled track.

The constitutionality of this law was attacked and it was held in Miller v. Town of Corinna, supra, that the act was valid on the sole ground that actual entry and user by the public is notice to the landowner that his land is appropriated to a public use, and he is allowed six years in which to contest the claim or apply for damages.

If the plaintiff is to be barred by the statute, it must be on the ground that he had notice that his land was actually entered upon and used by the public and that it was appropriated to the public use. There is no claim that actual notice was at any time given to the plaintiff that the town authorities claimed land inclosed by his fence. The circumstances here are that a road was actually laid out by the town authorities, and that it was laid out on the section line and attempted to be opened thereon. The public travel has deviated from the four rod limit onto a part of the plaintiff's land not appropriated for road purposes by the order establishing the highway.

It would seem that when a road has been opened on a section line, and the adjoining owner's land has already been appropriated for road purposes, and when, prior to the taking, he had erected and afterwards continuously maintained a fence more than four rods north of the center line of the road as laid out, the landowner should not be charged with notice of an intention by the public authorities to further encroach upon his property.

Our conclusion is that the travel and use by the public in the instant case was had with reference to the fact that a legal highway had been laid out on the section line, and that a deviation of travel outside the four rod limit was not in itself such notice to the landowner as would set in motion the six year statute of limitations. The conclusions of law are sustained by the findings of fact.

Judgment affirmed.