# JAMES L. ANKER v. CHICAGO GREAT WESTERN RAILROAD COMPANY.

## GEORGE C. STILES, INTERVENER.

April 12, 1918.

No. 20,801.

**Appeal and error — review on appeal from judgment after trial without jury.**

1. On appeal from a judgment in an action decided by the trial court without a jury, this court will consider whether the evidence sustains

1Reported in 167 N. W. 278.

the findings of fact, though no motion for a new trial was made. It will also review rulings made on the trial if properly excepted to and assigned as error.

**Attorney and client — evidence of solicitation — attorney's lien.**

2. Evidence considered and *held* not to sustain a finding that a layman, acting as agent of intervener, a lawyer, did not solicit plaintiff to employ intervener as his attorney in a personal injury action. If said case was so solicited, under the facts here intervener is not entitled to an attorney's lien for his compensation, plaintiff in the case having settled with defendant for his injuries.

Action in the district court for Hennepin county. George C. Stiles, attorney of record for plaintiff, obtained an order requiring defendant to show cause why his motion to vacate the dismissal of the action and permitting him to recover from defendant the sum of $2,120, as compensation for his services in the action, and $100 for cash advances and disbursements paid by him, should not be granted. The motion was heard by Fish, J., and he was made a party to the action and permitted to intervene and to serve his complaint in intervention within 10 days. Defendant served its answer and the matter was tried before Steele, J., who at the close of the testimony denied intervener's motion for a directed verdict of $2,120, discharged the jury, made findings, and ordered judgment in favor of intervener for the amount demanded. Defendant's motion to amend the findings and for judgment in favor of defendant notwithstanding the decision, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Briggs, Thygeson & Everall,* for appellant.

*D. C. Edwards,* for respondent.

BUNN, J.

Intervener was the attorney for plaintiff in this action to recover for personal injuries. After the case was at issue, plaintiff settled with defendant, receiving $4,000. The settlement was made without the knowledge of intervener, and without compensating him for his services. On petition of intervener the case was reinstated and he was permitted to intervene for the purpose of having his right to an attorney's lien and the amount thereof determined. Defendant answered the complaint in inter-

vention, setting up that the contract between intervener and plaintiff was champertous, that the case was solicited for intervener by an agent who was a layman, and other defenses. The trial was to a jury. At the close of the evidence intervener moved for a directed verdict. The court was of the opinion that no question of fact was involved, dismissed the jury and directed findings for the intervener. These findings as afterwards signed contained the general finding that the allegations of defendant's answer were not true. Defendant thereafter made a motion to amend the findings of fact, in accord with its contentions on the defenses made, to amend the conclusions of law, and to order judgment in favor of the defendant. There was no motion for a new trial. The motion as made was in all things denied, and judgment entered on the decision. From this judgment defendant appeals to this court.

Counsel for the appellant argued with much force that the evidence was conclusive that the contract between plaintiff and intervener was procured through solicitation by A. A. Roe, a layman employed by intervener, and that the trial court should have so found as a fact, and denied intervener a lien. It is argued that in any event the findings of the trial court on this question are not sustained by the evidence, and that this court should at least grant a new trial on this account, and also because of errors in the rulings on the trial.

The case having been decided by the court, without a jury, this court will consider the sufficiency of the evidence to sustain the findings on appeal from the judgment, though no motion for a new trial was made. 2 Dunnell, Minn. Dig. § 7073, and cases cited. So also it may review rulings on the trial shown by the settled case to have been excepted to, and assigned here as error.

We are unable to hold that the evidence that plaintiff's case was solicited for intervener by Roe was conclusive, but we do hold that the finding of the court that it was not so solicited is so against the weight of the evidence that it should not stand.

Plaintiff testified positively that Roe called on him while he was in the hospital at Des Moines, Iowa, and on the third visit succeeded in inducing him to give his case to intervener. A contingent fee contract was executed at that time, signed by plaintiff, and by "George C. Stiles, by A. A. Roe." Roe is admittedly not a lawyer, and is employed by in-

140 M.—5.

tervener on a salary and commission basis, and has a room in his office. The contract between Stiles and Roe was in evidence, as it was in the case of Holloway v. Dickinson, 137 Minn. 410, 163 N. W. 791. It is clear that Roe would profit financially by securing the case. It is unquestionable in this case as it was in the Holloway case, that if Roe actually solicited plaintiff's case, intervener cannot escape the consequences by pleading ignorance of what Roe did, or by claiming that Roe was unauthorized by the contract to solicit cases for intervener. Roe was not called as a witness.

Intervener attempted to impeach plaintiff, by proving statements by him in an affidavit that Stiles induced him to sign before the case was settled to the effect that a friend of his, one Herr, recommended Stiles to him, that he had decided to employ Stiles, long before Roe called on him, and that the visit of the latter had nothing to do with soliciting the case. Again, after the settlement, at Stiles' instance, plaintiff subscribed each of several sheets of paper containing typewritten questions and answers on the same subject. Herr in the present case takes the role that Lamb had in the Holloway case, the friend of the injured man so anxious to see his case handled to the best advantage that he voluntarily goes out of his way to tell of Stiles' fairness and great success with such cases. The whole transaction in Stiles' office in December, including a purported letter from Herr to Stiles telling him of plaintiff's case, which letter was written in pencil on scratch paper, and not even offered in evidence, looks much like a deliberate attempt to prepare beforehand against the expected claim that the case was solicited by Roe.

In view of plaintiff's explanation of how he happened to sign the typewritten sheets containing the questions and his answers thereto, and his positive denial of having met Herr or heard of Stiles before Roe called on him, we do not think the impeaching evidence warrants the court in rejecting plaintiff's evidence. His story had support in some of its important features in the admitted facts. Roe did procure the contract from plaintiff, and signed Stiles' name to it. He was admittedly in the employ of Stiles under a contract which made it important for him to get cases. He was armed by Stiles with photographs of large checks received in settlement of personal injury cases. These facts, and the failure of intervener to call either Roe or Herr as a witness, or to

produce any evidence to contradict plaintiff, except the impeaching evidence referred to, do not permit us to agree with counsel for intervener that plaintiff's testimony was proved to be "a fabric of falsehoods and contradictions." Nor does the record sustain the claim that the trial court considered plaintiff's story unworthy of belief. It indicates pretty clearly that the view of the trial court, at the time it discharged the jury, was that, even if that story was true, it was no defense. It declared that no question of fact was presented by the evidence, and hesitated only as to the proper practice, whether to direct a verdict, or to dismiss the jury and direct findings for the intervener. It is impossible to see how the court could consider that plaintiff's testimony as to the solicitation by Roe, and the other evidence in the case did not make an issue of fact. The case having been tried to a jury by consent, the issue should have been submitted to that tribunal. It plainly would have been error to have directed a verdict for intervener and the action taken amounted to that.

But we base the reversal on the broader ground that the finding of the court that Roe did not solicit the case is so against the weight of the evidence that we cannot allow it to stand. We do not order judgment for appellant because it can hardly be said as a matter of law that plaintiff's testimony was conclusive, and because of the statement of counsel for intervener at the time the motion for a directed verdict was made that he had other evidence to offer if the motion was denied.

It is unnecessary to decide any other question raised. We will say, however, that on the trial of such questions of fact as are involved in this case, there is far more chance of error in excluding evidence than in admitting it, when its relevancy is doubtful.

It cannot be seriously questioned, and we do not understand counsel for intervener to contend to the contrary, that if Roe, a layman, solicited and procured the case for intervener, with the agreement that he was to share in the compensation received, intervener cannot prevail in his appeal to equity to grant him a lien. The authorities are entirely in accord on this proposition. It is unnecessary to cite them here.

Judgment reversed and new trial granted.