## WENCL HRDLICKA v. EMANUEL HABERMAN AND ANOTHER.[1]

April 26, 1918.

No. 20,572.

**Appeal and error — assignment of error — findings of fact.**

1. Findings of fact not attacked in the motion for a new trial, may be assailed on appeal if contrary to or not sufficiently supported by the evidence.

**Highway — town road — finding not sustained by evidence.**

2. The court found that the town supervisors laid out a road along a

[1]Reported in 167 N. W. 363.

section line. The further finding that it was never opened, but that another road a few feet to the north thereof was instead opened and traveled so as to become a road by user, is not sustained by the evidence. The opening must be considered to be pursuant to the order of the authorities establishing the road.

**Adverse possession — loss of easement — finding not sustained.**

3. The place where the alleged trespass was committed was within the boundaries of the road as established by the town supervisors, and the finding that plaintiff by adverse hostile user had acquired title thereto to the exclusion of the public easement is not supported by the evidence.

**Damages — finding not sustained by evidence.**

4. Other findings bearing upon the location of the road and the claimed damages for the alleged trespass are not sustained by the evidence.

**Highway.**

5. The court properly *held*, under section 2536, G. S. 1913, that the order of the supervisors evidenced a lawfully established highway.

Action in the district court for Steele county to recover $500. The answer alleged that the land entered was part of a public highway and the work done by defendants was done under the direction of the board of supervisors of the township. The case was tried before Childress, J., who made findings and ordered judgment in favor of plaintiff for $75. From an order denying their motion for a new trial, defendants appealed. Reversed.

*F. A. Alexander* and *Moonan & Moonan,* for appellants.

*J. A. & A. W. Sawyer,* for respondent.

HOLT, J.

Action in trespass, in which the defense was that the locus in quo was a public highway which defendants graded at the direction of the town supervisors. The decision was in favor of plaintiff, and defendants appeal.

The court signed lengthy findings; the substance of those of controlling weight are: That the board of supervisors, in July, 1874, laid out a public road on the north section line of section 7 in the town of Somerset, Steele county. As described in the order the road, at a point

10 chains east of the northwest corner of the section, also branched out from the section line in a southwesterly direction to the westerly line of the section and followed that line south to the quarter post. This part of the road is not involved in the trespass charge, nor are the 10 chains of the north section line to the west of the branch, for there the road was never opened. The court further found that no road was ever opened, worked, or traveled as so ordered laid out, but that instead, late in 1874 or early in 1875, a road was opened and traveled by the public at distances north of the section line varying from little at the northeast section corner of said section to 48 feet at the point where the road turns to the southwest, as before stated. And further that plaintiff has obtained title by adverse possession up to the southerly line of the road so opened and traveled. That in October, 1915, the town board wrongfully entered upon what they deemed the true section line, set stakes therein and without right directed the defendants to grade a new road, using such line as the center thereof. That defendants so did, but without malice. And that the actual damage suffered by plaintiff was $75.

Plaintiff owned three forties, the north boundary of each being the said section line upon which the road was laid. The two cornering at the north quarter stake of the section were bought in 1874, and soon thereafter plaintiff built his home near the section line, the buildings and barnyard being, as we take it, upon the northeast quarter of the northwest quarter. In front of the house or barn he built a fence, inclosing the yard, the north line of which is less than 15 rods in length and is located on the section line. He planted a row of willows some 10 rods long, about parallel with the fence and 3 feet north thereof. Within three or four years he cleared and made use of the land to the west of the willows and fence up to the traveled portion of the road, and continued in the undisturbed use thereof, except as interfered with by defendants in 1915. The other forty, viz., the northwest quarter of the northwest quarter of section 7, he did not own or occupy until 1899, since which time he has always cultivated the same up to the traveled part of the road on the north. The alleged trespass was upon the northerly 15½ feet of the east half of this forty and a somewhat narrower strip off of the north side of the forty adjoining on the east, except

that defendants did not do any work east of where the fence, spoken of, began. The defendants owning land in section 6, adjoining this road, thought that plaintiff, when doing road work thereon, was crowding the traveled portion to the north. So the supervisors were called in to settle the dispute. The parties also had two surveys made to locate the section line. After that was done the supervisors laid out what was to be the graded or traveled roadbed of the highway to the west of the fence mentioned, set the stakes therefor, and directed defendants to enter and grade the same. The ground which they thus entered upon and worked is a strip 24 feet wide, having the section line for its center, so that defendants plowed and graded up to 12 feet on each side of the section line.

Several findings, other than the ones assailed on the motion for a new trial, are now challenged as not sufficiently supported by evidence. Respondent contends that no finding not specifically attacked in the motion for new trial can be attacked on appeal. The point is not well taken. In actions tried to the court, the findings may be assailed on appeal as being without support, even though there was no motion for a new trial. St. Paul F. & M. Ins. Co. v. Allis, 24 Minn. 75; Anker v. Chicago Great Western Ry. Co. supra, pages 63, 65, 167 N. W. 278, and cases cited under 2 Dunnell, Minn. Dig. § 7073. It follows that, since a motion for a new trial is not necessary in order to challenge findings on appeal, a party by making such motion should not be concluded by the specifications therein as to what findings are without support.

We think the finding that a public road was laid out on the section line, and the one that instead of opening the same another road was opened, worked and traveled north of the section line, are inconsistent and not in accord with the clearly established facts. There can be no possible doubt that the road which, late in 1874 or early in 1875, was cleared and opened through the woods or brush on the north side of the section was intended as the road laid out by the supervisors on July 1, 1874, and was so opened upon the supposed section line dividing sections 6 and 7. Plaintiff so understood and believed. The road must then be regarded as a public road four rods wide, laid out by the constituted authorities on the section line. The travel and use by the public were referable to the fact that a legal road had been duly estab-

lished on that line.  See McCasland v. Township of Walworth, 132 Minn. 460, 157 N. W. 715, where it was held that the public could not by deviation from the road as laid encroach on the landowner and then claim 2 rods beyond the center line of the road as traveled; also Marchand v. Town of Maple Grove, 48 Minn. 271, 51 N. W. 606, where there was a similar holding, and a suggestion that by deviation from the true line the public does not lose the road as laid, although it may gain an additional width by user.  We think that where there is a slight departure from the true line as here, it should not be held that the laid out road was abandoned and an entirely different road acquired by user, for the consequences are disastrous to the public in this that, at the time in question, a road acquired by user was not four rods wide, but only of such a width as necessity required.  Marchand v. Town of Maple Grove, supra; Arndt v. Thomas, 93 Minn. 1, 100 N. W. 378, 106 Am. St. 418, 2 Ann. Cas. 972.  We therefore conclude that the public is not precluded from asserting the road to be where the supervisors fixed it in the order laying it out, unless plaintiff by adverse and hostile user acquired title to some part thereof prior to the enactment of chapter 65, p. 65, Laws 1899.

That he so acquired title to the part of the laid out road opposite his buildings may be conceded, for the evidence showed that a fence has always been maintained, as above stated, and this fence practically coincided with the section line.  But the alleged trespass was west of this fence and of the row of willows before mentioned.  The principal part was upon plaintiff's most westerly forty, which was not owned or occupied by him until 1899.  His testimony as to the hostile adverse possession and use by the former owners of that forty is entirely inadequate to support title by prescription.  And the same is true as to all the land in the middle forty not within the fence referred to.  Plaintiff's use thereof up to the actual traveled part of the roadway could not be taken as adverse or hostile to the public's right to claim the full width of four rods.  Generally that would be two rods each side of the center-line of the traveled roadbed.  Damages were evidently awarded on the assumption that the trespass had been upon a strip of ground some four rods in width, and extending over parts of both of plaintiff's forties in the northwest quarter of section 7, and also on the erroneous conclu-

sions that plaintiff had acquired title by adverse user to the section line and further. There is, therefore, no way of apportioning or reducing the damages, and a new trial must result.

Reference should be made to certain findings, embracing these unwarranted assumptions and conclusions and bearing upon the amount of damages, which are clearly contrary to the evidence. There was no credible evidence contradicting the location of the true section line made by the surveyor Prior, and there is no basis for the finding that the evidence does not show just where the original survey located the north section line of section 7. To be sure the surveyor did not find the original quarter stake, but the meeting of all fences and other indications testified to by him fixed the place of the corner stakes. Neither does the evidence warrant the finding that the road as opened in 1874 or 1875, traveled and maintained, was at distances north of the section line varying from little at the northeast section corner to 48 feet, or more, where the road turns to the southwest, for the evidence shows conclusively that the greatest distance from the center of the old traveled road to the south line of the part defendants graded is 48½ feet. The south line of defendants' work was 12 feet south of the section line. Therefore the southerly limit of the old road, as opened and traveled, was 33 feet south of the center thereof, and there could be no greater distance between it and the section line at any point than 3½ feet at the most. It is thus seen that, as originally opened and traveled, a substantial portion of the road and not less than 29½ feet in width, is at every point throughout its length within the limits of the road as laid out by the supervisors. It is evident that from this misapprehension as to location the court must necessarily have more than trebled the damages he otherwise would have awarded.

Defendants also claim that plaintiff consented to the grading, and that the finding to the contrary is without support. It is true that plaintiff expressed a willingness to have the road straightened and put upon what he thought was the section line; that to ascertain this line both parties had surveys made; that when the new grade was staked out plaintiff made no objection to the location, and that in November he cut down the row of willows mentioned as he had promised the supervisors to do. But he did object when defendants came upon the land to do the work,

and the cutting of the willows was done after the alleged trespass. The court might have found that plaintiff consented to the work, but we see nothing in plaintiff's conduct which required the court so to find.

There is some contention by plaintiff that the order laying out the road was void. The court found otherwise. A book purporting to be a record of the road orders in the town of Somerset was received in evidence and the two orders therein, designated as road order number 27, both dated July 1, 1874. The one is signed by four supervisors, evidently two from the town Lamonds and two from Somerset, and embraces only a road from the quarter post on the west section line of section 7 to the northwest corner thereof. The west section line separated the two towns. There is no indication that Hercy was the supervisor from Somerset. The other, signed by the two supervisors from Somerset, relates to the road on the north section line and the branch off to the southwest, already mentioned, which for 129 rods follows the west section line. This record, by section 2536, G. S. 1913, is made prima facie evidence of the regularity of the proceedings prior to the making of the order.

We think the evidence does not sustain the main findings upon which a recovery herein must depend, and a new trial should have been granted.

Order reversed.