JAMES L. ANKER v. CHICAGO GREAT WESTERN RAILROAD COMPANY.

GEORGE C. STILES, INTERVENER.[1]

November 28, 1919.

No. 21,447.

**Employment of attorney — solicitation by layman for hire.**
1. Evidence examined and *held* sufficient to sustain the finding of the jury, that the action was not procured by plaintiff's attorney by solicitation of a layman for hire.

**Attorney and client — contract of employment — increase in compensation.**
2. A contract of employment between attorney and client is not invalid for the reason that the amount of compensation was increased by agreement subsequent to the bringing of the action.

After the former appeal reported in 140 Minn. 63, 167 N. W. 278, the case was tried before Hale, J., who when intervener rested denied defendant's motion for a directed verdict upon the ground that he had failed to establish a cause of action, had failed to establish a valid lien upon the cause of action set forth in the intervention complaint, and that as a matter of law it appeared that the main action was solicited by A. A. Roe and therefore invalid and void as against public policy, and a jury which returned a verdict for $2,382.40. From an order denying its mo-

[1]Reported in 174 N. W. 841.

tion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. G. Briggs* and *Charles H. Weyl,* for appellant.

*D. C. Edwards, George C. Stiles* and *F. M. Miner,* for respondent.

QUINN, J.

This is the second appeal in this case. 140 Minn. 63, 167 N. W. 278. George C. Stiles brought the action as attorney for the plaintiff to recover for personal injuries. After the case was at issue, plaintiff settled with the defendant for $4,000, without the knowledge of his attorney or payment of his fees. Stiles made application to the trial court to have the case reinstated and for leave to intervene for the purpose of having his right to a lien upon the cause of action and the amount thereof determined. The application was granted and the intervener filed a complaint in intervention. The defendant answered, alleging that the contract of employment between Stiles and the plaintiff was champertous and void as against public policy, because it was procured by solicitation of a layman employed by Stiles. The issue was tried to a jury and a verdict returned in favor of the intervener and against the defendant. From an order denying defendant's motion for judgment notwithstanding the verdict, and if that be denied for a new trial, defendant appealed.

But two questions are presented for consideration: (1) Is the evidence conclusive that the case was so far solicited by the witness Roe, that the contract of retainer is invalid? (2) Is the contract of employment dated December 9 invalid for the reason that it increased the attorney's compensation after the action was commenced?

1. The jury found the contract between plaintiff and the intervener not champertous. We are asked to hold as a matter of law that it was. There was evidence that the attorney procured the case through the solicitation of the witness Roe, a layman whom Stiles employed for that purpose. The plaintiff so testified, and there was testimony in corroboration thereof. Stiles testified that the first he ever heard of the plaintiff or his cause of action, was by a letter which he received early in August, 1916, from a former client by the name of Ben Herr, dated August 2, telling him about the plaintiff's case and that Mr. Anker had requested him to write Mr. Stiles to come and see him about handling his

case; that in response to such letter he sent Mr. Roe to see the plaintiff which led up to his employment. The testimony of Stiles was corroborated by Roe, Herr and Scott, and made a question of fact for the jury as to whether Roe solicited the case for Stiles, in such a manner as to render the contract champertous. The findings of the jury settled the question in favor of the intervener.

2. As to the contract of December 9, 1919, the plaintiff testified that the terms of the contract were talked over between him and Mr. Stiles and that he understood the contract when he signed it. There is no dispute as to the amount 'agreed upon between the parties thereto. The mere fact that the amount which the attorney was to receive was changed subsequent to the employment does not invalidate the contract.

Affirmed.