THE CINCINNATI TIME RECORDER COMPANY v. SYVER LOE, DOING BUSINESS AS LOE MACHINE & TOOL COMPANY.[1]

June 16, 1922.

No. 22,864.

**Appeal and error—when errors in rulings on evidence are not reviewable.**
  1. On an appeal from a judgment, upon trial by the court, there being objections at the trial but not exceptions, and no motion being made for a new trial and therefore no specification of error, errors in rulings on evidence are not available.

**Sufficiency of evidence to sustain findings reviewable.**
  2. On such appeal the sufficiency of the evidence to sustain the findings is before the court.

**Breach of warranty on sale.**
  3. The finding that there was no breach of the warranty upon the sale of a time recorder is sustained by the evidence.

Action in the municipal court of Minneapolis to recover $92.59, contract price of a time recorder. The answer alleged that plaintiff guaranteed the time recorder to keep correct time for one year after July 22, 1919, that the mechanism thereof was defective and faulty, that it had failed to correctly record the time as guaranteed and was of no value whatever. The case was tried before C. L. Smith, J., who made findings and ordered judgment in favor of plaintiff. From

[1] Reported in 188 N. W. 1011.

the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Iver C. Nelson,* for appellant.

*Allen & Fletcher,* for respondent.

DIBELL, J.

Action to recover the contract price of a time recorder sold by the plaintiff to the defendant. The defendant alleged a breach of warranty. There were findings for the plaintiff for the amount demanded, and a finding that none of the allegations of the answer were true. The defendant appeals from the judgment.

1. The defendant claims that there was error in rulings on evidence. An appeal from a judgment does not bring for review errors in rulings on evidence unless an objection is made and exception taken at the time, or an objection made at the trial and error specified in the motion for a new trial. See G. S. 1913, § 7830; Dunnell, Minn. Dig. §§ 389, 7091; De Blois v. Great Northern Ry. Co. 71 Minn. 45, 73 N. W. 637; American Engine Co. v. Crowley, 105 Minn. 233, 117 N. W. 428; Petruschke v. Kamerer, 131 Minn. 320, 155 N. W. 205. There were objections but no exceptions at the trial. There was no motion for a new trial. There is no reviewable error in rulings on evidence.

2. An appeal from a judgment upon trial by the court, though there is no motion for a new trial, raises the question of the sufficiency of the evidence to sustain the findings. Pittsburgh Plate Glass Co. v. Brown, supra, page 325, 188 N. W. 569; Anker v. Chicago Great Western R. Co. 140 Minn. 63, 167 N. W. 278; Hrdlicka v. Haberman, 140 Minn. 124, 167 N. W. 363; Dunnell, Minn. Dig. §§ 388, 7073.

3. The court found that the allegations of the answer were not true. The general finding included a finding that there was no breach of the warranty. There was evidence that the time recorder at one time during the first year "jumped" a month. It was at once fixed by the plaintiff. The evidence sustains the finding that there was no breach.

Judgment affirmed.