# PITTSBURGH PLATE GLASS COMPANY v. H. M. BROWN AND OTHERS.[1]

June 9, 1922.

No. 22,763.

**No review on appeal of failure to make finding not asked for.**

1. Upon an appeal from an order denying a new trial, findings of fact may be assailed by proper assignments of error, even though such findings were not challenged in the motion for a new trial, but error cannot be assigned upon a failure to make a finding or grant some relief not requested of the court below.

**Mechanic's lien—lienable and nonlienable items must be clearly separated at the trial.**

2. Where a party seeking a mechanic's lien has mingled lienable and nonlienable items in the lien statement and in the bill of particulars attached to his pleading, it is incumbent on him to clearly segregate the items and the value of the same at the trial. The evidence sustains the finding that plaintiff did not do so.

**Material put into trade fixtures.**

3. The finding is supported that the material and labor furnished by plaintiff went into trade fixtures.

Action in the district court for Hennepin county to enforce a mechanic's lien for $1,632.56. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of defendants. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Robert M. Works*, for appellant.

*Einar Hoidale* and *Edward Nelson*, for respondents.

HOLT, J.

Plaintiff furnished material and performed labor in installing certain fixtures for a tenant in a new business block in Minneapolis, Minnesota. The court found the fixtures to be trade fixtures, placed

[1] Reported in 188 N. W. 569.

upon the premises in such manner as to be removable without material injury to the building, and with the intention that the same shall be the property of the tenant, and that none of the fixtures were of such nature or so attached as to make the same a part of the building or real estate. The total value of all the items furnished was $2,147.48, and the sum of $514.92 had been paid and applied generally on the account. A lien statement was filed within time, claiming a lien for all the items furnished, admitting the payment of $514.92 and stating that $1,632.56 was due. The court also found that a large part of the items for which a lien was claimed consisted of show cases and other items of loose and detachable furnishings; that at the trial it was admitted "that these items amounting to about one-half of the amount unpaid, in value, were not lienable"; and that "the items so admitted to be nonlienable are so intermingled in the lien statement and on the bill of particulars with the other items on which a lien is now claimed that they cannot be segregated and set aside." The conclusion of law was that plaintiff was not entitled to a lien or any relief against defendants. The appeal is from the order denying plaintiff's motion to vacate the order for judgment and grant a new trial on the ground "that the decision is not justified by the evidence and is contrary to law."

Respondent challenges the sufficiency of the assignments of error. Findings may be attacked on appeal from a judgment as without support, even though there was no motion for a new trial. St. Paul F. & M. Ins. Co. v. Allis, 24 Minn. 75; Anker v. Chicago Great Western R. Co. 140 Minn. 63, 167 N. W. 278. And so on appeal from an order denying a new trial we have held that findings other than those assailed in the motion in the court below may be challenged. Hrdlicka v. Haberman, 140 Minn. 124, 167 N. W. 363.

The only assignments of error sufficient under our practice are the subdivisions under III, namely, the finding: (a) That the fixtures were trade fixtures installed so as to be removable; (b) that none thereof were of such character as to become a part of the building and real estate; and (c) that the items admitted to be nonlienable are so intermingled in the lien statement and in the bill of par-

ticulars with the other items upon which a lien is now claimed that they cannot be segregated.

Assignments I and II are clearly insufficient under Moody v. Tschabold, 52 Minn. 51, 53 N. W. 1023; Butler-Ryan Co. v. Silvey, 70 Minn. 507, 73 N. W. 406, 510; Nye v. Kahlow, 98 Minn. 81, 107 N. W. 733; Prosser v. Manley, 122 Minn. 448, 142 N. W. 876; Holford v. Crowe, 136 Minn. 20, 161 N. W. 213. Assignment IV is plainly without merit if the findings are sustained by the evidence. Assignment V alleging that the court erred in refusing to find that plaintiff was entitled to a lien upon the improvement to which its materials contributed and directing a sale of the same with the right of removal, is of no avail, for there was no request to make or modify any finding in the court below. Prosser v. Manley, supra.

It is quite doubtful whether the conclusion of law would not have to remain, even if the findings of fact complained of were unsupported, for the findings left would not warrant any relief to plaintiff, and no other findings were asked for. But we need not rest the decision on that narrow ground.

In the trial plaintiff admitted that about half in value of the items that were furnished were nonlienable. Yet both in the lien statement and in the bill of particulars a lien was claimed for all. Apart from the question whether, under section 7085, G. S. 1913, this destroyed the lien, it at least made it quite necessary for plaintiff to clearly designate and segregate the items, and the value thereof, which it claimed to be lienable from those which were nonlienable and were included in the bill of particulars. This was not done. We have attentively studied the record and can reach no other conclusion. It is probable that there is no way possible for plaintiff and its attorney to segregate the items satisfactorily, or at all. There were not only many different fixtures into which it would be extremely difficult to trace the various materials, but even more so the amount of labor expended on each. When work of this nature is in progress the parties seldom anticipate that liens may have to be resorted to, nor do they realize the importance of preserving the evidence needed to establish them in court, especially where, as here, a large part of items furnished are nonlienable.

We are of the opinion that, under the principles stated and applied in White Enamel Refrigerator Co. v. Kruse, 121 Minn. 479, 140 N. W. 114, the finding of the court that the materials and labor furnished by plaintiff went into trade fixtures cannot be disturbed by us. That defeats the right to a lien on the building. As to the relief sought by Assignment IV we have indicated that the court below was not asked to grant it, nor do the findings of fact warrant the same.

The order must be affirmed.