## GEORGE MARKERT v. WALTER W. MAGEE.[1]

June 18, 1937.

No. 31,195.

*Newman & Bowman,* for appellant.
*Berryman & Dane,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from a judgment of the municipal court of the city of St. Paul entered pursuant to findings and conclusions in favor of plaintiff and against defendant in an action tried before the Hon-

[1]Reported in 274 N. W. 174.

orable Clayton Parks, one of the judges of said court, without a jury.

The cause of action was based upon a claimed agreement on the part of defendant to pay plaintiff a real estate commission amounting to $250 in connection with a deal wherein defendant purchased a piece of property listed for sale with plaintiff, a real estate broker. The property belonged to one Frank B. Thompson, who through his agent, one Cody, listed it for sale with the plaintiff at a price of $35,000 under an agreement whereby plaintiff was to be paid a commission of five per cent of the sale price of said property if he found a purchaser.

Plaintiff showed the property to defendant and procured from him an offer of $20,000. This offer was transmitted to the owner through his agent Cody and accepted upon the condition that the owner would not be required to pay a commission in excess of $750. Plaintiff claims that he then contacted defendant and advised him that his offer of $20,000 would be accepted provided defendant would pay an additional $250 to apply on the real estate commission, and that defendant agreed to make such payment. This was denied by defendant. He claimed that the offer of $20,000 was to cover the property and furnishings, including a valuable grand piano. He further claimed that the piano was missing when the property was turned over to him and that he promised to give plaintiff $250 if he would procure a return of the piano. Defendant denied that there was any agreement or understanding whereby he was to pay any part of the commission and testified that the arrangement he had with plaintiff for the payment of $250 for the return of the piano was made after the deal for the house was closed.

The case presented purely a question of fact for determination by the trial court. Was the agreement as contended for by the plaintiff or was it as contended for by the defendant? The court resolved the disputed issue in plaintiff's favor.

The only question raised on the appeal has to do with the sufficiency of the evidence to sustain the trial court's decision. On an appeal from a judgment this court may review the sufficiency of the evidence to justify the findings. Cincinnati Time Recorder Co.

v. Loe, 152 Minn. 374, 188 N. W. 1011; Pittsburgh Plate Glass Co. v. Brown, 152 Minn. 325, 188 N. W. 569; Hrdlicka v. Haberman, 140 Minn. 124, 167 N. W. 363; Anker v. C. G. W. R. Co. 140 Minn. 63, 167 N. W. 278; 1 & 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 388, 7073.

The rule is that the trial court's findings are not to be set aside unless clearly or manifestly against the weight of the evidence or without reasonable support in the evidence. Sommers v. City of St. Paul, 183 Minn. 545, 237 N. W. 427; S. Bader & Sons v. Gensler, 191 Minn. 571, 255 N. W. 97.

We cannot say that the evidence in this case does not justify the findings of the trial court. The testimony consisted largely of a dispute between plaintiff and defendant as to what the agreement was. There was corroborative evidence to support plaintiff's contention.

Under the rules referred to, the judgment should be and is affirmed.