## JOHN DeWENTER v. ROMAN DeWENTER AND OTHERS.[1]

October 11, 1946.

No. 34,242.

*Phillips & Sherwood,* for appellant.
*Harry E. Burns,* for respondents.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment for defendants in an action brought for specific performance of an oral contract to convey land alleged to have been made by plaintiff with his brother, Peter DeWenter, now deceased, who owned and lived on a farm near St. Cloud, Minnesota. Peter was an epileptic from boyhood, and as he grew older the attacks became more frequent and severe, with his general condition becoming worse. Plaintiff claims that as a result of medical opinion after examination of Peter in 1933 a conversation took place between Peter and plaintiff in which Peter said to plaintiff, "They can't do anything for me," and that if plaintiff would take care of him as long as he lived he would give him the farm. To this plaintiff responded, "O. K."

[1]Reported in 24 N. W. (2d) 494.

The trial court found that there had not been such a performance of the oral agreement as would take the case out of the statute of frauds; that shortly after the contract was made the parties abandoned it; and that plaintiff did not perform his obligation thereunder, but was fully paid for anything he did for Peter. Relief was denied. No motion was made for a new trial. The appeal is from the judgment, and the sole issue here is whether the evidence is sufficient to sustain the findings. Cincinnati Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011; In re Estate of Fitzgerald, 205 Minn. 57, 285 N. W. 285.

Plaintiff's testimony on cross-examination was that Peter did not leave his own farm until May 1934, when he went away to have an operation. On his return, he went to his sister's home, not plaintiff's, and stayed there until August 1935, except for nine days in March when he was at plaintiff's farm. On this record, plaintiff could hardly be held to be "caring" for Peter. However, there was testimony that plaintiff had stored Peter's clothes, maintained a room for him in his house, and that someone "was actually with him all the time." From August 1935 until 1937, when Peter was admitted to the state institution for epileptics at Cambridge, he stayed at plaintiff's home. However, prior to this, in March 1935, while Peter was still living at his sister's home, plaintiff was appointed his guardian, and there is conclusive evidence that he was compensated for his work and expenses as guardian.

Plaintiff points out that while Peter was a patient at the state institution at Rochester he executed a deed conveying the property to plaintiff, and, further, that he also made a will reciting this fact. These facts, he contends, show that Peter considered the oral contract performed by plaintiff. However, the deed was adjudged null and void in a separate action and the will denied admission to probate on the ground that the testator did not possess the mental capacity to make it. In view of the circumstances under which these documents were prepared and signed, they lacked probative force in support of plaintiff's contention. We think the evidence amply justifies the trial court's findings. We need not

determine whether the contract contemplated, or its performance resulted in, the kind of services which would take the contract out of the statute of frauds. The evidence amply supports the findings that the parties abandoned it and that plaintiff did not perform under it, but was fully compensated in money for all that he did for Peter.

Judgment affirmed.